IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| UNIVERSITY GENERAL HEALTH | § | Chapter 11 |
| SYSTEM, INC., <u>et al.</u>, | § | |
| | § | Case No. 15-31086 |
| Debtors.[1] | § | |
| | § | Joint Administration Pending |

**EMERGENCY MOTION FOR ENTRY OF BRIDGE ORDER (I) AUTHORIZING DEBTORS TO PAY CERTAIN PREPETITION EMPLOYEE WAGES, (II) APPROVING LIMITED USE OF CASH COLLATERAL TO FUND PAYROLL, (III) AUTHORIZING DEBTORS TO CONTINUE TO USE EXISTING CASH MANAGEMENT SYSTEM <u>PENDING FIRST DAY HEARING AND (IV) GRANTING RELATED RELIEF</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED; YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

---

[1] The Debtors, their respective case numbers, and the last four digits of their respective taxpayer identification numbers are as follows: University General Health System, Inc. (2436), UGHS Autimis Billing, Inc. (3352), UGHS Autimis Coding, Inc. (3425), UGHS ER Services, Inc. (6646), UGHS Hospitals, Inc. (3583), UGHS Management Services, Inc. (4100), UGHS Support Services, Inc. (3511), University General Hospital, LP (7964), and University Hospital Systems, LLP (3778).

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THE DEBTORS HAVE REQUESTED THAT THIS MOTION BE CONSIDERED *EX PARTE* PRIOR TO THE DEBTORS' FIRST DAY HEARINGS**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby file this Emergency Motion For Entry Of Bridge Order (I) Authorizing Debtors To Pay Certain Prepetition Employee Wages, (II) Approving Limited Use Of Cash Collateral To Fund Payroll, (III) Authorizing Debtors To Continue To Use Existing Cash Management System Pending First Day Hearing And (IV) Granting Related Relief (the "Motion"). In support of this Motion, the Debtors rely upon and incorporate by reference the Declaration of Edward T. Laborde, Jr. in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration"), filed with the Court concurrently herewith. In further support of this Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

**EMERGENCY CONSIDERATION**

2. The Debtors request emergency consideration of this Motion on an *ex parte* basis. The Debtors believe a seamless transition into chapter 11 is critical to the viability of their operations and their ultimate reorganization. Any delay in granting the relief requested in this Motion would substantially hinder the Debtors' transition and cause irreparable harm. As

2

such, the Debtors believe that emergency consideration is necessary and request that this Motion be considered on an *ex parte* basis.

## SUMMARY OF RELIEF REQUESTED

3. Pending the first day hearing, the Debtors seek limited authority to use cash collateral, with the consent of its prepetition senior lender, in order to fund employee wages that are scheduled to be paid on the Petition Date and to use existing cash management systems for this purpose.

## BACKGROUND

4. On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. The Debtors operate a 72-bed general acute care hospital in the Texas Medical Center. As of the Petition Date, the Debtors had over 700 employees. The employees perform a variety of critical functions, including but not limited to patient care, accounting, administrative support, accounts payable, billing operations, compliance (legal and regulatory), corporate development, housekeeping, human resources, information technology, and legal.

6. On the Petition Date (among other requested relief), (i) the Debtors filed (or will file) an emergency motion requesting authority to pay prepetition wages and other relief related to payment and continuation of prepetition employee benefits (the "Employee Wage Motion"), the Debtors have filed (or will file) an emergency motion authorizing them to continue to use their existing cash management system (the "Cash Management Motion"), and (iii) the Debtors have filed (or will file) a motion (the "DIP Motion") for approval of a debtor-in-

possession financing facility (the "DIP Loan") from MidCap Funding IV Trust (successor to MidCap Financial, LLC) ("MidCap").

7. The Debtors have requested that the Court consider the Employee Wage Motion, the Cash Management Motion, the DIP Motion and other matters at the initial hearing held in this case (the "First Day Hearing").

## CASH COLLATERAL

8. Prior to the Petition Date, certain of the Debtors,[2] as borrowers, and MidCap, as administrative agent and a lender, are parties to that certain Credit and Security Agreement dated as of September 28, 2012, as amended, modified, or supplemented from time to time (the "Prepetition Credit Agreement"). The Prepetition Credit Agreement, as amended, supplemented or otherwise modified prior to the Petition Date, together with all collateral and ancillary documents executed in connection therewith are referred to herein as the "Prepetition Loan Documents", and the principal, interest, fees, expenses and other amounts owing under the Prepetition Loan Documents are referred to herein as the "Prepetition Obligations". The Prepetition Obligations are guaranteed by Debtor University General Health System, Inc.

9. Computed as of February 27, 2015, MidCap asserts, and the Debtors admit, that the Debtors are indebted to MidCap on the Prepetition Obligations in an unpaid principal amount in excess of $14,840,000, plus accrued and accruing interest, fees (including attorney fees), costs, and other amounts owing under the Prepetition Loan Documents.

10. MidCap asserts, and the Debtors admit, that, as security for repayment of the Prepetition Obligations, MidCap holds valid, perfected, and enforceable liens and security interests in all of the collateral described in the Prepetition Credit Agreement and the other

---

[2] University General Hospital, L.P., UGHS Hospitals, Inc., University Hospital Systems, LLP, UGHS Support Services, Inc., and UGHS Autimis Billing, Inc.

Prepetition Loan Documents (the "Collateral"), which includes, among other things, first priority liens and security interests in the Debtors' Accounts (as defined in the Prepetition Credit Agreement) and all proceeds therefrom.

11. The Collateral includes cash proceeds and other cash equivalents that are "cash collateral" as defined in Bankruptcy Code §363(a). The Collateral which is cash collateral will be referred to herein as the "Cash Collateral".

### RELIEF REQUESTED

12. On the Petition Date, the Debtors are obligated to pay a regularly scheduled payroll for 210 employees in the gross amount of approximately $850,000.00, including all withholding and payroll taxes ("Emergency Payroll Expenses"). As described in the Employee Wage Motion, this payroll is for work performed by employees during the period from February 8, 2015 through February 21, 2015.

13. Given the immediate need to pay payroll obligations to hospital employees today (before an interim hearing on the DIP Motion can be held), the Debtors have requested that MidCap consent to the use of Cash Collateral to fund the payroll immediately. MidCap has agreed to the use of its Cash Collateral to pay the Emergency Payroll Expenses under the terms and conditions stated in the attached proposed form of Bridge Order. MidCap has not agreed to any further or other use of its Cash Collateral for any purpose at this time.

14. Under the emergency circumstances of this case, cause exists for the Court to grant the relief provided in the attached Bridge Order. Based on the record before the Court, there is good cause for the Court to authorize the Debtors' limited use of Cash Collateral to pay the Emergency Payroll Expenses today under the terms and conditions stated in the attached Bridge Order.

15. The Debtors request immediate entry of the attached Bridge Order pursuant to Bankruptcy Rule 4001(b)(2). The relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors' businesses and estates.

## NOTICE

16. Notice of this Motion shall be given to the Office of the United States Trustee for the Southern District of Texas and counsel to MidCap. The Debtors submit that no other or further notice need be provided under the emergency circumstances described herein.

17. Proposed counsel for the Debtors conferred with the Office of the United States Trustee prior to filing this Motion. The Debtors do not anticipate that the United States Trustee will oppose entry of the Bridge Order.

WHEREFORE, the Debtors request that the Court enter the attached Bridge Order and grant other just relief.

Dated: Houston, Texas
February 27, 2015

**Porter Hedges LLP**

By: /s/ Joshua W. Wolfshohl
John Higgins
State Bar No. 09597500
Joshua W. Wolfshohl
State Bar No. 24038592
Aaron J. Power
State Bar No. 24058058
1000 Main Street, 36th Floor
Houston, TX  77002
(713) 226-6695
(713) 226-6295 (fax)

**Proposed Counsel for Debtors and Debtors in Possession**

4820542v1