IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
|  | ) |
| UNIVERSITY GENERAL HOSPITAL | )   CASE NO. 15-31086-H3-11 |
| SYSTEM, INC., ET AL., | ) |
|  | ) |
| Debtors,[1] | )   Jointly Administered |
|  | ) |

MEMORANDUM OPINION

The court has held a hearing on the "Debtors' Expedited Motion for Entry of Order (I) Authorizing the Debtors to (A) File a Consolidated List of Creditors and a Consolidated List of the Debtors' Forty Largest Unsecured Creditors; and (B) Provide Notices, Including Notices of Commencement of Cases and Section 341 Meeting; and (II) Extending Time to File Schedules of Assets and Liabilities, Statements of Financial Affairs and List of Equity Security Holders" (Docket No. 87). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting in part, and denying without prejudice in part, the requested relief. To the extent any of the Findings of Fact are considered Conclusions of Law, they are

---

[1]The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: University General Health System, Inc. (2346), UGHS Autimis Billing, Inc. (3352), UGHS Autimis Coding, Inc. (3425), UGHS ER Services, Inc. (6646), UGHS Hospitals, Inc. (3583), UGHS Management Services, Inc. (4100), UGHS Support Services, Inc. (3511), University General Hospital, LP (7964), and University Hospital Systems, LLP (3778).

adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

University General Hospital System, Inc., and eight other related entities ("Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code on February 27, 2015. The cases are jointly administered.

In the instant motion, Debtors seek to file a consolidated list of creditors; to file a list of their combined 40 largest unsecured creditors in lieu of filing lists of the 20 largest unsecured creditors of each of Debtors' entities; and to designate Debtors or their contractor to send notices, in lieu of those notices being sent by the Clerk. Debtors also seek a 45-day extension of time to file a schedule of assets and liabilities, a statement of financial affairs, and a list of Debtors' equity security holders.

At the hearing on the instant motion, counsel for Debtors announced that Debtors, proposed counsel for the Committee of Unsecured Creditors, and the United States Trustee have agreed to the language of a proposed form of order. The proposed form of order, _inter alia_, extends the deadline for filing of schedules to April 20, 2015, seven days earlier than the date sought in the instant motion.

The hearing on the instant motion was held concurrently with hearings on several other motions. Although Debtors presented no evidence with respect to the instant motion, Debtors did present a proffer of the testimony of Edward T. Laborde, Jr., Debtors' general counsel, with respect to related motions. In light of the proffered testimony of Laborde, the court finds that cause exists to allow Debtors or their designated contractor to send notices in lieu of the Clerk doing so; and to extend the time to file schedules of assets and liabilities, a statement of financial affairs, and a list of equity security holders.

At the hearing on the instant motion, counsel for Debtors argued that granting the relief requested with respect to the consolidated list of creditors will promote efficiency in these cases.

### Conclusions of Law

Unless the court orders otherwise, a debtor must file a list of equity security holders within 14 days after the order for relief. Rule 1007(a)(3), Fed. R. Bankr. P. The deadline may be extended only on motion for cause shown. Rule 1007(a)(5), Fed. R. Bankr. P.

Unless the court orders otherwise, the debtor must file schedules and a statement of financial affairs with the petition or within 14 days thereafter. Extension may be granted only on motion for cause shown. Rule 1007(c), Fed. R. Bankr. P.

Under Bankruptcy Rule 2002(a), the court may direct a person other than the Clerk to give notices. Rule 2002(a), Fed. R. Bankr. P.

As noted above, the proffered testimony of Laborde supports granting the relief requested with respect to allowing Debtors or their designated contractor to send notices in lieu of the Clerk's doing so; and extending the time to file schedules of assets and liabilities, a statement of financial affairs, and a list of equity security holders. The court concludes that the instant motion should be granted in part with respect to these aspects of the motion.

A debtor in a voluntary case under Chapter 11 of the Bankruptcy Code must file with the petition a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders, as prescribed by the appropriate Official Form. Rule 1007(d), Fed. R. Bankr. P. Unlike the Bankruptcy Rules governing the list of equity security holders, schedules of assets and liabilities, and the statement of financial affairs, Bankruptcy Rule 1007(d) does not provide that the debtor must file the list "unless the court orders otherwise," and does not provide that the time to file such a list may be extended for cause shown. Debtors have cited no

authority for the filing of such lists.[2] The court concludes that the relief sought with respect to the filing of a consolidated list of creditors should be denied.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on March 27, 2015.

                                                              *[signature]*

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[2]The court notes that the question of the filing of lists is different from that of who must receive notice. The parties added to the proposed form of order submitted at the hearing on the instant motion a provision for limited notice. Although the language of the proposed form of order appears to be an "update" pursuant to Paragraph 1.d. of the "Order Granting Complex Chapter 11 Bankruptcy Case Treatment" (Docket No. 45), the court finds that limited notice should not be granted at this time, when Debtors have not yet filed schedules.