

ENTERED
06/22/2015

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| UNIVERSITY GENERAL HOSPITAL SYSTEM, INC., ET AL., | ) ) ) | CASE NO. 15-31086-H3-11 |
| Debtors,[1] | ) ) ) | Jointly Administered |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Emergency Motion for Relief from Automatic Stay Regarding Non-Residential Real Property and Exempt Personal Property" (Docket No. 365) filed by The Arena Group, L.P. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

University General Hospital System, Inc., and eight other related entities ("Debtors") filed voluntary petitions

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: University General Health System, Inc. (2346), UGHS Autimis Billing, Inc. (3352), UGHS Autimis Coding, Inc. (3425), UGHS ER Services, Inc. (6646), UGHS Hospitals, Inc. (3583), UGHS Management Services, Inc. (4100), UGHS Support Services, Inc. (3511), University General Hospital, LP (7964), and University Hospital Systems, LLP (3778).

under Chapter 11 of the Bankruptcy Code on February 27, 2015. The cases are jointly administered.

In the instant motion, The Arena Group, L.P. ("Movant") seeks relief from stay, in order to foreclose an alleged security interest in personal property located at space leased by the Debtors in Movant's real property. Movant seeks the lifting of stay for cause, and on grounds Debtor lacks equity in the property and the property is not necessary to an effective reorganization.

Debtors' lease of the real property provides for a contractual lien in favor of Movant for the payment of rent. (Movant's Exhibit A).

Debtors have moved to reject the lease. (Docket No. 356). Debtors' motion to reject the lease is presently set for hearing on June 29, 2015.

Tim Naizer, who manages Movant's records regarding the property, testified that, to the best of his knowledge, Movant has not filed a UCC-1 financing statement with respect to the contractual lien contained in the lease.

## Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or

>   conditioning such stay--
>
>>    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>>
>>    (2) with respect to a stay of an act against property under subsection (a) of this section, if-
>>
>>>        (A) the debtor does not have an equity in such property; and
>>>
>>>        (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

>   Section 362(g) of the Bankruptcy Code provides:
>
>   (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
>>    (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>>
>>    (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Code, and must be determined on a case by case basis based on an examination of the totality of circumstances.  In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

In the instant case, Movant has not met its burden of proof with respect to the absence of Debtors' equity in the property.  A landlord's contractual lien must be perfected by filing under the UCC.  Bank of North America v. Kruger, 551

S.W.2d 63 (Tex. Civ. App.--Houston [1st Dist.] 1977).  On the evidence before this court, the court concludes that Movant did not perfect its contractual lien in the personal property located in the leased space.

On the question of cause, the only cause asserted by Movant is that it wants to utilize Debtors' personal property in attempting to relet the space, in order to mitigate its damages.  As addressed above, the court has concluded that Movant did not perfect its contractual lien.  In the absence of such perfection, Movant has no present right to possession of Debtors' personal property.  The court concludes, based on the totality of circumstances, that cause does not exist for the lifting of stay.

Based on the foregoing, a separate Judgment will be entered denying the "Emergency Motion for Relief from Automatic Stay Regarding Non-Residential Real Property and Exempt Personal Property" (Docket No. 365) filed by The Arena Group, L.P.

Signed at Houston, Texas on June 22, 2015.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE