**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **UNIVERSITY GENERAL HEALTH** | § | **CASE NO. 15-31086** |
| **SYSTEM, INC., ET AL.,** | § | **(Chapter 11 – Jointly Administered)** |
| | § | |
| **Debtors.** | § | |

**JOINT CHAPTER 11 PLAN OF**
**LIQUIDATION SUBMITTED BY**

**UNIVERSITY GENERAL HEALTH SYSTEM, INC.**
**UGHS AUTIMIS BILLING, INC.**
**UGHS AUTIMIS CODING, INC.**
**UGHS ER SERVICES, INC.**
**UGHS HOSPITALS, INC.**
**UGHS MANAGEMENT SERVICES, INC.**
**UGHS SUPPORT SERVICES, INC.**
**UNIVERSITY GENERAL HOSPITAL, LP**
**AND**
**UNIVERSITY HOSPITAL SYSTEMS, LLP**

**Porter Hedges LLP**
John F. Higgins
Joshua W. Wolfshohl
Aaron J. Power
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (facsimile)
**Counsel for the Debtors**

5179123v3

## Table of Contents

Page

Article 1 DEFINITIONS .................................................................................................................. 1
    1.1     Administrative Claim ................................................................................................... 1
    1.2     Administrative Claim Bar Date .................................................................................... 2
    1.3     Allowed Administrative Claim ..................................................................................... 2
    1.4     Allowed Amount ........................................................................................................... 2
    1.5     Allowed Claim .............................................................................................................. 2
    1.6     Allowed General Unsecured Claim .............................................................................. 2
    1.7     Allowed Interest ........................................................................................................... 2
    1.8     Allowed Priority Non-Tax Claim ................................................................................. 2
    1.9     Allowed Priority Tax Claim ......................................................................................... 2
    1.10   Allowed Secured Claim ................................................................................................ 2
    1.11   Allowed Subordinated Claim ....................................................................................... 2
    1.12   Allowed Unsecured Claim ............................................................................................ 2
    1.13   Available Cash ............................................................................................................. 3
    1.14   Avoidance Action ......................................................................................................... 3
    1.15   Avoided Lien ................................................................................................................ 3
    1.16   Bankruptcy Code .......................................................................................................... 3
    1.17   Bankruptcy Court .......................................................................................................... 3
    1.18   Bankruptcy Rules .......................................................................................................... 3
    1.19   Bar Date ........................................................................................................................ 3
    1.20   Business Day ................................................................................................................. 3
    1.21   Cash .............................................................................................................................. 3
    1.22   Cause of Action ............................................................................................................ 3
    1.23   Chapter 11 Cases .......................................................................................................... 4
    1.24   Claim ............................................................................................................................ 4
    1.25   Claimant ....................................................................................................................... 4
    1.26   Closing Date ................................................................................................................. 4
    1.27   Collateral ...................................................................................................................... 4
    1.28   Committee ..................................................................................................................... 4
    1.29   Confirmation Date ........................................................................................................ 4
    1.30   Confirmation Hearing ................................................................................................... 4
    1.31   Confirmation Order ....................................................................................................... 4
    1.32   Creditor ........................................................................................................................ 4
    1.33   Cure Costs .................................................................................................................... 4
    1.34   Debtors ......................................................................................................................... 4
    1.35   Debtors in Possession ................................................................................................... 5
    1.36   Deficiency Claim .......................................................................................................... 5
    1.37   DIP Credit Facility ....................................................................................................... 5
    1.38   Disclosure Statement .................................................................................................... 5
    1.39   Disputed Claim ............................................................................................................. 5
    1.40   Disputed Claims Reserve ............................................................................................. 5
    1.41   Distribution ................................................................................................................... 5
    1.42   Distribution Date .......................................................................................................... 5

i

1.43    Effective Date ................................................................................................ 5
1.44    Equity Interest or Interest .............................................................................. 5
1.45    Equity Interest Holder or Interest Holder ...................................................... 5
1.46    Equity Interest Record Date ........................................................................... 6
1.47    Estates ............................................................................................................. 6
1.48    Fee Procedures Order ..................................................................................... 6
1.49    Final Distribution ........................................................................................... 6
1.50    Final Order ..................................................................................................... 6
1.51    Foundation ...................................................................................................... 6
1.52    Foundation Purchase Agreement ................................................................... 6
1.53    Foundation Sale .............................................................................................. 6
1.54    General Unsecured Claim ............................................................................... 6
1.55    Governmental Unit .......................................................................................... 6
1.56    Initial Distribution Date ................................................................................. 6
1.57    Intercompany Claims ...................................................................................... 7
1.58    Interest Holder ................................................................................................ 7
1.59    IRS .................................................................................................................. 7
1.60    IRS Installment Note ....................................................................................... 7
1.61    Lien ................................................................................................................. 7
1.62    Liquidating Trust ............................................................................................ 7
1.63    Liquidating Trust Agreement .......................................................................... 7
1.64    Liquidating Trustee ........................................................................................ 7
1.65    MidCap ............................................................................................................ 8
1.66    MidCap Secured Claim ................................................................................... 8
1.67    Net Sales Proceeds ......................................................................................... 8
1.68    Noticing Agent ................................................................................................ 8
1.69    Payment Date .................................................................................................. 8
1.70    Person ............................................................................................................. 8
1.71    Petition Date ................................................................................................... 8
1.72    Plan ................................................................................................................. 8
1.73    Plan Ballot ...................................................................................................... 8
1.74    Plan Documents .............................................................................................. 8
1.75    Plan Rate ........................................................................................................ 8
1.76    Post-Confirmation Committee ........................................................................ 8
1.77    Pre-Petition Federal Payroll Tax Claim ........................................................ 9
1.78    Priority Claim ................................................................................................. 9
1.79    Priority Non-Tax Claim .................................................................................. 9
1.80    Priority Tax Claim .......................................................................................... 9
1.81    Pro Rata .......................................................................................................... 9
1.82    Professional Fee Claims ................................................................................. 9
1.83    Professional Fees ............................................................................................ 9
1.84    Professionals ................................................................................................. 10
1.85    Protected Persons .......................................................................................... 10
1.86    Rights of Action ............................................................................................ 10
1.87    Sale Order ..................................................................................................... 10
1.88    Schedules ....................................................................................................... 10

1.89    Secured Claim ............................................................................................ 10
1.90    Subordinated Claim .................................................................................... 10
1.91    Transferred Assets ...................................................................................... 10
1.92    Unsecured Claim ......................................................................................... 10

Article 2 RULES OF CONSTRUCTION ........................................................................ 10

Article 3 CLASSIFICATION OF CLAIMS AND INTERESTS ............................................. 11
3.1    Administrative Claims and Priority Tax Claims .......................................... 11
3.2    Classified Claims Against the Debtors ........................................................ 12

Article 4 IMPAIRMENT OF CLASSES AND RESOLUTION OF CLAIM
          CONTROVERSIES ................................................................................. 16
4.1    Impaired Classes ......................................................................................... 16
4.2    Unimpaired Classes ..................................................................................... 18
4.3    Controversy Concerning Classification, Impairment or Voting Rights ......... 18

Article 5 TREATMENT OF IMPAIRED CLASSES ......................................................... 19
5.1    Classes A1, B1, C1, D1, E1, F1, G1, H1 and I1 .......................................... 19
5.2    Classes A3, B3, C3, D3, E3, F3, G3, H3 and I3 .......................................... 19
5.3    Classes A4, B4, C4, D4, E4, F4, G4, H4 and I4 .......................................... 19
5.4    Classes A5, B5, C5, D5, E5, F5, G5, H5 and I5 .......................................... 19

Article 6 TREATMENT OF UNIMPAIRED CLASSES .................................................... 20
6.1    Classes A2, B2, C2, D2, E2, F2, G2, H2 and I2 .......................................... 20

Article 7 MEANS OF IMPLEMENTATION .................................................................. 20
7.1    Closing of the Foundation Sale ................................................................... 20
7.2    Creation of Liquidating Trust ...................................................................... 20
7.3    Continuation of Operations/Corporate Existence ......................................... 20
7.4    General Powers of the Liquidating Trustee .................................................. 20
7.5    Obligations of the Liquidating Trustee ........................................................ 23
7.6    Limitations on the Powers of the Liquidating Trustee .................................. 23
7.7    The Committee ............................................................................................ 24
7.8    The Post-Confirmation Committee .............................................................. 24
7.9    Resignation/Removal of the Liquidating Trustee ......................................... 24
7.10   Appointment of Successor Liquidating Trust ............................................... 25
7.11   Rights and Duties of the Post-Confirmation Committee ............................... 25
7.12   Compensation Procedures ........................................................................... 25

Article 8 CLAIM/INTEREST OBJECTION PROCEDURES, TREATMENT OF
          DISPUTED CLAIMS/INTERESTS AND PROCEDURE FOR ASSERTING
          CLAIMS ................................................................................................ 26
8.1    Objection Process ....................................................................................... 26
8.2    Filing of Claims and Causes of Action ........................................................ 26
8.3    Disputed Claims Reserve ............................................................................ 26
8.4    Distributions to Holders of Disputed Claims ............................................... 27

5179123v3

8.5     Disallowance of Late Filed Proofs of Claim ................................................. 27
8.6     Provisions Governing Distributions ............................................................. 27

Article 9 EXECUTORY CONTRACTS AND UNEXPIRED LEASES ..................................... 28
9.1     Rejection of Executory Contracts and Unexpired Leases ............................ 28
9.2     Claims Based on Rejection of Executory Contracts or Unexpired Leases ................. 28

Article 10 EFFECT OF REJECTION BY ONE OR MORE CLASSES OF CLAIMS ............. 28
10.1    Impaired Classes to Vote............................................................................. 28
10.2    Acceptance by Class.................................................................................... 29
10.3    Reservation of Cramdown Rights ............................................................... 29

Article 11 EFFECT OF CONFIRMATION ............................................................................. 29
11.1    Legally Binding Effect ................................................................................ 29
11.2    Limited Discharge of Debtors and Injunction ............................................ 29
11.3    Complete Discharge of University General Hospital, LP ............................ 30
11.4    Limited Protection of Certain Parties in Interest ........................................ 30
11.5    Indemnification ........................................................................................... 31
11.6    Continuation of Anti-Discrimination Provisions of Bankruptcy Code........ 31
11.7    Preservation of Claims and Rights .............................................................. 31

Article 12 RETENTION OF JURISDICTION........................................................................ 32
12.1    Exclusive Bankruptcy Court Jurisdiction................................................... 32
12.2    Limitation on Jurisdiction ........................................................................... 33

Article 13 CONDITIONS TO CONFIRMATION OF PLAN ................................................. 33
13.1    Conditions Precedent to Effective Date ...................................................... 33
13.2    Annulment of Plan if Conditions Not Waived or Satisfied.......................... 33

Article 14 NOTICE PROVISIONS ......................................................................................... 34
14.1    Notices......................................................................................................... 34
14.2    Limitation on Notice ................................................................................... 34
14.3    General Notice To Creditors ....................................................................... 35

Article 15 COMPROMISES AND SETTLEMENTS .............................................................. 35
15.1    Effect of Confirmation Order ...................................................................... 35

Article 16 MISCELLANEOUS PROVISIONS........................................................................ 35
16.1    Bar Date for Administrative Claims............................................................ 35
16.2    Objections to Administrative Claims .......................................................... 36
16.3    Payment of Professional Fees ..................................................................... 36
16.4    Payment of United States Trustee Fees ....................................................... 36
16.5    No Substantive Consolidation ..................................................................... 36
16.6    Employee Benefit Plans .............................................................................. 36
16.7    Directive to State Agencies ......................................................................... 36
16.8    Satisfaction of Liabilities ............................................................................ 37
16.9    Warranty of Transfers from Liquidating Trust ............................................ 37
16.10      Compliance with Tax Requirements........................................................ 37

iv

16.11   Amendment of the Plan .................................................................................. 37
16.12   Timing of Distributions .................................................................................. 37
16.13   Enforcement of Subordination Agreements/Settlement Agreements ............. 37
16.14   Filing of Documents in Public Records .......................................................... 37
16.15   Right to Seek Further Orders .......................................................................... 38
16.16   Intercompany Claims ..................................................................................... 38
16.17   Regulatory Approvals ..................................................................................... 38
16.18   Withdrawal of Plan ........................................................................................ 38
16.19   Due Authorization by Creditors ..................................................................... 38
16.20   Filing of Additional Documentation .............................................................. 38
16.21   Implementation .............................................................................................. 38
16.22   Substantial Consummation ............................................................................ 38
16.23   Further Effect of Confirmation ...................................................................... 39
16.24   Reservation of Claims .................................................................................... 39
16.25   Dates .............................................................................................................. 39
16.26   Governing Law .............................................................................................. 39
16.27   Conflict .......................................................................................................... 39
16.28   Severability .................................................................................................... 39
16.29   Setoffs ............................................................................................................ 39
16.30   Further Action ............................................................................................... 40

5179123v3

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **UNIVERSITY GENERAL HEALTH** | § | **CASE NO. 15-31086** |
| **SYSTEM, INC., ET AL.,** | § | **(Chapter 11 – Jointly Administered)** |
| | § | |
| Debtors. | § | |

### JOINT CHAPTER 11 PLAN OF LIQUIDATION

University General Health System, Inc., UGHS Autimis Billing, Inc., UGHS Autimis Coding, Inc., UGHS ER Services, Inc., UGHS Hospitals, Inc., UGHS Management Services, Inc., UGHS Support Services, Inc., University General Hospital, LP and University Hospital Systems, LLP file this Joint Chapter 11 Plan of Liquidation to address Claims asserted against and Equity Interests in the Debtors. Although styled as a joint plan, the Plan constitutes nine (9) separate plans, i.e., one for each respective Debtor. Consequently, votes will be tabulated separately for each Debtor with respect to each Debtor's plan and Claims will be classified and Distributions will be made based on each Debtor's respective liability in accordance with the Plan. To the extent that a particular Debtor does not receive sufficient votes for confirmation of its Plan, the Plan may be withdrawn as to a particular Debtor without effect on the Plan as to the remaining Debtors.

**ALL HOLDERS OF CLAIMS OR INTERESTS ARE ENCOURAGED TO READ THIS PLAN AND THE DISCLOSURE STATEMENT CAREFULLY AND IN THEIR ENTIRETY. ALL HOLDERS OF CLAIMS OR INTERESTS ENTITLED TO VOTE ON THIS PLAN ARE ENCOURAGED TO READ THIS PLAN AND THE DISCLOSURE STATEMENT CAREFULLY AND IN THEIR ENTIRETY BEFORE VOTING ON THIS PLAN.**

### ARTICLE 1
### DEFINITIONS

As used in the Plan, the following terms shall have the respective meanings specified below. Any term used in the Plan not defined below or herein shall be interpreted in accordance with the Rules of Construction set forth in Article 2 of this Plan.

1.1 <u>Administrative Claim</u>. Any cost or expense of administration of the Chapter 11 Cases incurred on or before the Effective Date entitled to priority under § 507(a)(2) and allowed under § 503(b) of the Bankruptcy Code, including without limitation, any actual and necessary expenses of preserving the Debtors' estates, including wages, salaries or commissions for services rendered after the commencement of the Chapter 11 Cases, certain taxes, fines and penalties, any actual and necessary post-petition expenses of operating the Debtors' businesses, certain post-petition indebtedness or obligations incurred by or assessed against the Debtors in connection with the conduct of their businesses, or for the acquisition or lease of property, or for

providing services to any Debtor, including all allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, and any fees or charges assessed against the Debtors' estates under chapter 123, title 28, United States Code.  With respect to Administrative Claims which are allowed pursuant to §§ 503 (b)(1), 503(b)(2), 503(b)(3), 503(b)(4), 503(b)(5), 503(b)(6), 503(b)(7), 503(b)(8) or 503(b)(9), there shall be an Administrative Claim against the Debtors only to the extent of and only after the entry of a Final Order approving such Administrative Claim following the filing of a motion or application prior to the Administrative Claim Bar Date.

1.2     <u>Administrative Claim Bar Date</u>.  The last day to file an application for allowance of an Administrative Claim (other than (i) quarterly U.S. Trustee fees and (ii) Professional Fee Claims), which shall be 20 days after the Effective Date unless otherwise established by a Final Order.

1.3     <u>Allowed Administrative Claim</u>.  An Administrative Claim to the extent it is or becomes an Allowed Claim.

1.4     <u>Allowed Amount</u>.  The amount of an Allowed Claim.

1.5     <u>Allowed Claim</u>.  Any Claim (i) which has been scheduled by the Debtors pursuant to Bankruptcy Rule 1007 and (a) is not scheduled as disputed, contingent or unliquidated, (b) as to which no Proof of Claim has been filed and (c) as to which no objection to such scheduled Claim has been filed; (ii) as to which a timely Proof of Claim has been filed as of the Bar Date and no objection thereto has been made; or (iii) that has been allowed by a Final Order.

1.6     <u>Allowed General Unsecured Claim</u>.  A General Unsecured Claim to the extent it is or becomes an Allowed Claim.

1.7     <u>Allowed Interest</u>.  Any Equity Interest on the Record Date that has not been disallowed pursuant to the terms of the Plan or a Final Order of the Bankruptcy Court.  Any Interest that is allowed solely for purposes of voting to accept or reject this Plan pursuant to an Order of the Bankruptcy Court shall not be deemed to be an Allowed Interest for purposes of Distributions under this Plan.

1.8     <u>Allowed Priority Non-Tax Claim</u>.  A Priority Non-Tax Claim to the extent it is or becomes an Allowed Claim.

1.9     <u>Allowed Priority Tax Claim</u>.  Any Claim, to the extent such Claim is an Allowed Claim and entitled to priority in payment under § 507(a)(8) of the Bankruptcy Code.

1.10    <u>Allowed Secured Claim</u>.  A Secured Claim of a creditor to the extent such Claim is an Allowed Claim, and the Lien securing such Claim has not become an Avoided Lien.

1.11    <u>Allowed Subordinated Claim</u>.  A Subordinated Claim to the extent it is or becomes an Allowed Claim.

1.12    <u>Allowed Unsecured Claim</u>.  An Unsecured Claim to the extent it is or becomes an Allowed Claim.

1.13     Available Cash.  All of the Liquidating Trust's Cash on hand on any particular date less (i) amounts reserved on account of Disputed Claims; (ii) amounts reasonably reserved for unpaid Administrative Claims, Secured Claims, Priority Tax Claims and Priority Non-Tax Claims; (iii) amounts reasonably required by the Liquidating Trustee to retain Professionals post-confirmation and the fees and expenses of the Post-Confirmation Committee; and (iv) amounts reasonably required by the Liquidating Trustee to administer the Liquidating Trust and to complete the transactions and other actions required under the Plan, including the prosecution of claims and causes of action owned by the Estates.  For purposes of making Distributions pursuant to this Plan, Available Cash shall be calculated and segregated on a Debtor by Debtor basis.  For purposes of clarity, Available Cash attributable to the sale of an asset by one Debtor shall not be used to pay the claims of another Debtor when the Distribution is to be paid from Available Cash under the Plan.

1.14     Avoidance Action.  Any and all rights, claims and causes of action arising under Sections 506(c), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552(b), 553 or 724 of the Bankruptcy Code.

1.15     Avoided Lien.  A Lien to the extent it has been set aside, invalidated, or otherwise avoided pursuant to an Avoidance Action.

1.16     Bankruptcy Code.  Title 11 of the United States Code, as in effect on the Confirmation Date.

1.17     Bankruptcy Court.  The unit of the United States District Court for the Southern District of Texas, Houston Division, having jurisdiction over these Chapter 11 Cases, or in the event such Court ceases to exercise jurisdiction over these Chapter 11 Cases, such court or adjunct thereof that exercises jurisdiction over the Chapter 11 Cases in lieu of the United States Bankruptcy Court for the Southern District of Texas, Houston Division, and any appellate or other court that is competent to exercise jurisdiction over the confirmation of this Plan.

1.18     Bankruptcy Rules.  The Federal Rules of Bankruptcy Procedure, as amended, and the Bankruptcy Local Rules for the Southern District of Texas, as applicable to these Chapter 11 Cases, each as in effect on the date of the event described herein.

1.19     Bar Date.  July 6, 2015.

1.20     Business Day.  Any day other than a Saturday, Sunday or any other day on which commercial banks in Houston, Texas are required or authorized to close by law or executive order.

1.21     Cash.  Legal tender of the United States of America, denominated in U.S. dollars, and equivalents thereof.

1.22     Cause of Action.  Any Claim or cause of action, legal or equitable, now owned or hereafter acquired by any Debtor, whether arising under contract or tort, federal or state law, including but not limited to Avoidance Actions, whether commenced prior or subsequent to the Petition Date.

1.23    Chapter 11 Cases.  The jointly administered cases, Case Nos.15-31086, 15-31088, 15-31091, 15-31092, 15-31093, 15-31094, 15-31095, 15-31097 and 15-31098, filed under chapter 11 of the Bankruptcy Code by the Debtors and pending before the Bankruptcy Court.

1.24    Claim.  Any (i) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

1.25    Claimant.  A person asserting a Claim against any Debtor, their property, or the Estates.

1.26    Closing Date.  The Closing Date as defined in the Foundation Purchase Agreement.

1.27    Collateral.  Any property or interest in property of the Estates subject to a Lien that is not subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code or applicable state law.

1.28    Committee.  The Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases.

1.29    Confirmation Date.  The date upon which the Bankruptcy Court enters the Confirmation Order.

1.30    Confirmation Hearing.  The hearing to be conducted by the Bankruptcy Court to determine whether to approve the Plan.

1.31    Confirmation Order.  The Order of the Bankruptcy Court approving and confirming the Plan in accordance with the provisions of chapter 11 of the Bankruptcy Code.

1.32    Creditor.  Any person that holds a Claim against any Debtor that arose or is deemed to have arisen on or before the Petition Date, including an Allowed Claim against any Debtor's Estate of a kind specified in §§ 502(g), 502(h) or 502(i) of the Bankruptcy Code.

1.33    Cure Costs.  The amount necessary to cure all defaults under any executory contract or any unexpired lease to which a Debtor is a party and to compensate the non-debtor party for any actual pecuniary loss resulting from such defaults in order to assume and assign the executory contract or unexpired lease under Sections 365(a) and 365(f) of the Bankruptcy Code.

1.34    Debtors.  University General Health System, Inc., UGHS Autimis Billing, Inc., UGHS Autimis Coding, Inc., UGHS ER Services, Inc., UGHS Hospitals, Inc., UGHS Management Services, Inc., UGHS Support Services, Inc., University General Hospital, LP and University Hospital Systems, LLP.  In singular form, Debtor shall mean any one of the foregoing.

1.35     Debtors in Possession.   The Debtors in their capacity as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

1.36     Deficiency Claim.   The amount by which an Allowed Secured Claim exceeds the value of any Collateral securing such Claim as may be determined by the Bankruptcy Court in accordance with § 506(a) of the Bankruptcy Code.  A Deficiency Claim is a General Unsecured Claim.

1.37     DIP Credit Facility.   The Debtors in Possession credit facility authorized by the Court's Final Order (I) Authorizing Secured Post-Petition Financing On A Super Priority Basis Pursuant To 11 U.S.C. §§363, 364, And 507(b); (II) Granting Relief From The Automatic Stay Pursuant To 11 U.S.C. §362; And (III) Granting Related Relief [Dkt. No. 423] (the "DIP Order"), pursuant to which MidCap was granted and holds liens and security interests in all of the Debtors' assets as security for the "Obligations" and the "Prepetition Obligations" as defined in the DIP Order.

1.38     Disclosure Statement.   The Disclosure Statement with respect to this Plan, including all exhibits and schedules thereto, filed by the Debtors and approved by the Court pursuant to § 1125 of the Bankruptcy Code, as may be amended or supplemented.

1.39     Disputed Claim.   A Claim against any Debtor as to which an objection has been filed on or before the deadline for objecting to a Claim and which objection has not been withdrawn, settled or otherwise resolved by Final Order.

1.40     Disputed Claims Reserve.   A reserve to be held in trust for the benefit of holders of Disputed Claims in accordance with the provisions of the Plan.

1.41     Distribution.   The Cash and other property required by the Plan to be distributed to the holders of Allowed Claims and Allowed Interests.

1.42     Distribution Date.   The date, occurring as soon as practicable after the Effective Date, on which distributions are made pursuant to the terms of the Plan to Holders of Allowed Administrative Claims; provided, however, that should such Allowed Claims be paid in the ordinary course of business, the Distribution Date shall be the date such Allowed Claim becomes payable under the terms of any contract or agreement or applicable non-bankruptcy law.

1.43     Effective Date.   The day selected by the Debtors that is no earlier than the first Business Day after (i) the date the Confirmation Order becomes a Final Order; and (ii) all conditions specified in Article 13 hereof have been satisfied or waived.

1.44     Equity Interest or Interest.   Equity Interest or Interest shall have the meaning ascribed to "equity security" in § 101(16) of the Bankruptcy Code.

1.45     Equity Interest Holder or Interest Holder.   Equity Interest Holder or Interest Holder shall have the meaning ascribed to "equity security holder" in § 101(17) of the Bankruptcy Code.

1.46     Equity Interest Record Date.  The date that the Bankruptcy Court enters an order approving the Disclosure Statement shall serve as the record date for purposes of Distributions to Allowed Interests and Allowed Subordinated Interests under the Plan.

1.47     Estates.  The estates created upon the filing by the Debtors of the Chapter 11 Cases pursuant to § 541 of the Bankruptcy Code, together with all rights, claims and interests pertaining thereto.

1.48     Fee Procedures Order.  The Final Order entered April 27, 2015 at Docket No. 275 governing the compensation of professionals.

1.49     Final Distribution.  The final Distribution from the Liquidating Trust made pursuant to the terms of the Plan.

1.50     Final Order.  An order or judgment which has not been reversed, vacated or stayed and as to which (a) the time to appeal, petition for *certiorari* or move for new trial, re-argument or rehearing has expired and to which no appeal, petition for *certiorari* or other proceedings for a new trial, re-argument or rehearing shall then be pending, or (b) if an appeal, writ of *certiorari*, new trial, re-argument or rehearing thereof has been sought, such order or judgment of the Bankruptcy Court shall have been affirmed by the highest court to which such order was appealed, or *certiorari* shall have been denied or a new trial, re-argument or rehearing shall have been denied or resulted in no modification of such order, and the time to take any further appeal, petition for *certiorari* or move for a new trial, re-argument or rehearing shall have expired.

1.51     Foundation.  Foundation Surgical Hospital Holdings, LLC.

1.52     Foundation Purchase Agreement.  The Purchase and Sale Agreement between the Debtors and Foundation that governs the sale of the Transferred Assets which is attached as **Plan Exhibit 1**.

1.53     Foundation Sale.  The sale of the Transferred Assets in accordance with the Foundation Purchase Agreement.

1.54     General Unsecured Claim.   A Claim other than a Secured Claim, an Administrative Claim, a Priority Claim, or a Subordinated Claim.

1.55     Governmental Unit.   The term Governmental Unit shall have the meaning assigned in the Bankruptcy Code.

1.56     Initial Distribution Date.  The date that is the earlier of (i) 90 days following the Effective Date; (ii) such other date as ordered by the Bankruptcy Court; or (iii) such date as determined by the Liquidating Trustee after consultation with the Post-Confirmation Committee. It shall be the intention of the Liquidating Trustee and the Post-Confirmation Committee to affect the maximum reasonable level of Distributions to holders of Allowed Claims as quickly as possible.

1.57    Intercompany Claims.  All Claims by one Debtor against another Debtor or otherwise existing between any Debtors.  For the avoidance of doubt, the Senior Living Receivable, as defined in the Foundation Purchase Agreement, is not an Intercompany Claim.

1.58    Interest Holder.  Any holder or owner of an Equity Interest on the Equity Interest Record Date.

1.59    IRS.  The Internal Revenue Service as well as any other division or agency of the United States Government involved in matters related to income or employment taxes, including the United States Department of Justice, Tax Division.

1.60    IRS Installment Note.  The promissory note to be issued pursuant to the Foundation Purchase Agreement by University General Hospital, LP to the Debtors and assignable to the IRS in full satisfaction of the Pre-petition Federal Payroll Tax Claim.  The IRS Installment Note is payable in four equal annual installments commencing on the first anniversary of the Closing Date with a final payment due not later than February 27, 2020, which note shall be in negotiable form, not subject to the terms of the Foundation Purchase Agreement, and assignable to the IRS such that, once assigned to the IRS pursuant to the Plan or otherwise, the IRS shall be a bona fide purchaser; *provided*, *however*, (i) the note shall be unsecured and (ii) the terms and conditions of the note, including the term for installment payments, shall comply with the provisions of Section 1129(a)(9)(C) of the Bankruptcy Code governing payment to taxing authorities.

1.61    Legal Proceeding.   The term Legal Proceeding shall mean any action, arbitration, audit, hearing, investigation, tax assessment, assessment, litigation or suit (whether civil, criminal, administrative, investigative or informal) commenced, brought, conducted or heard by or before, or otherwise involving, any Governmental Unit or arbitrator related to the Debtors.

1.62    Liability.  Any direct or indirect liability, indebtedness, obligation, commitment, expense, claim, deficiency, deferred income, guaranty or endorsement of or by any Person of any type, whether known, unknown, accrued, absolute, contingent, matured or unmatured.

1.65    Lien.  A charge against or interest in property to secure payment of a debt or performance of an obligation which has not been avoided or invalidated under any provision of the Bankruptcy Code or other applicable law.

1.66    Liquidating Trust.  The entity created pursuant to Article 7.2 of this Plan to which all holders of Claims shall look for satisfaction of their Claims unless otherwise specifically set forth to the contrary in this Plan.

1.67    Liquidating Trust Agreement.  The trust agreement approved and entered into in accordance with the Plan pursuant to which the Liquidating Trust will be established and administered.  A copy of the Liquidating Trust Agreement will be filed no later than 7 days prior to the deadline to object to confirmation of this Plan.

1.68    Liquidating Trustee.  The person designated by the Committee not later than 3 Business Days prior to the Confirmation Date to serve as the Liquidating Trustee under the Liquidating Trust Agreement and pursuant to the terms of this Plan, or any successor Liquidating

Trustee appointed pursuant to the terms of this Plan or such other person as appointed by the Bankruptcy Court.

1.69    MidCap.    MidCap Funding IV Trust (successor by assignment to MidCap Financial Trust).

1.70    MidCap Secured Claim.    The Secured Claim based on the outstanding amount owed under the DIP Credit Facility.   The MidCap Secured Claim is an Allowed Super-Priority Administrative Claim and a Secured Claim.

1.71    Net Sales Proceeds.    The net proceeds received by the Debtors from the Foundation Sale, after any applicable hold-backs and, if applicable, payments made by the Debtors at Closing for accrued but unpaid Professional Fees that have either been previously approved by the Bankruptcy Court or are otherwise payable pursuant to the Fee Procedures Order.

1.72    Noticing Agent.   Upshot Services LLC, the Court-appointed noticing, claims and balloting agent in these Cases [Docket No. 173].

1.73    Payment Date.   One or more dates identified by the Liquidating Trustee, after consultation with the Post-Confirmation Committee on which Distributions are made to holders of Allowed Claims from Available Cash.

1.74    Person.   An individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated association or organization, a governmental unit (as that term is defined in the Bankruptcy Code) or any agency or subdivision thereof or any other entity.

1.75    Petition Date.    February 27, 2015, the date on which the Debtors filed the voluntary chapter 11 petitions commencing these Chapter 11 Cases.

1.76    Plan.    This Joint Chapter 11 Plan of Liquidation, as it may be amended or modified from time to time.

1.77    Plan Ballot.    The form of ballot that the Debtors will transmit to Creditors and Interest Holders who are, or may be, entitled to vote on the Plan.

1.78    Plan Documents.    Any and all documents contemplated to be executed in connection with this Plan.

1.79    Plan Rate.   The rate of interest, if any, that will be paid on Claims but only to the extent that this Plan specifies that interest will be paid on such Claims.   For all non-tax claims, the Plan Rate shall be 5% simple interest.   The Plan Rate for tax claims shall be the applicable non-bankruptcy statutory rate determined as of the calendar month in which the Confirmation Order is entered.   Interest shall be calculated from the Petition Date to each Payment Date.

1.80    Post-Confirmation Committee.   The post-confirmation oversight committee to be appointed by the Committee in accordance with this Plan.

1.81    Pre-Petition Federal Payroll Tax Claim.  All unpaid FICA and FUTA Liabilities of the Debtors and their Affiliates, including the Debtors' and their Affiliates' respective current professionals, agents, attorneys, accountants, officers, directors, managers and employees, to the IRS relating to periods prior to the Petition Date, including but not limited to priority claims under § 507(a)(8) of the Bankruptcy Code, as well as all interest and penalties thereon.

1.82    Priority Claim.  Any Claim to the extent entitled to priority in payment under § 507(a) of the Bankruptcy Code, including Pre-Petition Federal Payroll Tax Claims.

1.83    Priority Non-Tax Claim.  Any Claim (other than an Administrative Claim or a Priority Tax Claim) to the extent entitled to priority in payment under § 507(a) of the Bankruptcy Code including, but not limited to, (i) Claims of an employee of the Debtors for wages, salaries, or commissions, including vacation, severance or sick leave pay, earned within one hundred and eighty (180) days prior to the Petition Date (to the extent of $12,475 per employee) as set forth in § 507(a)(4) of the Bankruptcy Code; (ii) Claims for contribution to an employee benefit plan as set forth in § 507(a)(5) of the Bankruptcy Code; (iii) Claims for deposits of up to $2,775 placed by consumers with the Debtors as set forth in § 507(a)(7) of the Bankruptcy Code; (iv) Claims based upon any commitment by the Debtors to a Federal depository institutions regulatory agency to maintain the capital of an insured depository institution as set forth in § 507(a)(9); and (v) Claims for death or personal injury resulting from the operation of a motor vehicle or vessel if such operation was unlawful because the Debtors were intoxicated from using alcohol, a drug or another substance as set forth in § 507(a)(10).

1.84    Priority Tax Claim.  Any Claim entitled to priority in payment under § 507(a)(8) of the Bankruptcy Code.  A Claim based upon an assessed *ad valorem* tax that is secured by a statutory lien on property that was administered during these Chapter 11 Cases is a Secured Claim to the extent of the value of the property administered.  Otherwise, such Claim is a General Unsecured Claim.

1.85    Pro Rata.  The proportion that the dollar amount of an Allowed Claim or Allowed Interest in a Class bears to the aggregate amount of all Allowed Claims or Allowed Interests in such Class.

1.86    Professional Fee Claims.  Administrative Claims for Professional Fees from the Petition Date through the Effective Date, as well as fees, expenses and other reimbursable costs incurred after the Effective Date in connection with the preparation and filing of fee applications with the Bankruptcy Court in respect of Professional Fee Claims.

1.87    Professional Fees.  All fees, costs and expenses incurred in these Chapter 11 Cases by any professional person (within the meaning of §§ 327, 328 or 1103 of the Bankruptcy Code or otherwise) and awarded by Final Order of the Bankruptcy Court pursuant to §§ 330 or 503(b) or any other provision of the Bankruptcy Code and any professional fees, costs and expenses which have been allowed pursuant to this Plan or by Final Order of the Bankruptcy Court.

1.88     Professionals.    Any Court-approved professional Person, including lawyers, accountants, financial advisors, investment bankers and restructuring advisors, employed by the Debtors or the Committee in these Chapter 11 Cases at any time before the Effective Date.

1.89     Protected Persons.    Protected Persons shall have the meaning set forth in Article 11.4.

1.90     Rights of Action.    Includes (a) any avoidance, recovery, subordination or other action of the Debtors, the Estates or the Liquidating Trust, (b) any Cause of Action of the Debtors, the Estates or the Liquidating Trust, (c) any objection or other challenge to a Claim, and (d) any objection or other challenge to an Interest.

1.91     Sale Order.    The Order (a) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests, (b) Approving the Asset Purchase Agreement, (c) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (d) Granting Related Relief entered by the Bankruptcy Court on November 9, 2015 [Docket No. 691] and approving, among other things, the Foundation Sale pursuant to the terms of the Foundation Purchase Agreement.

1.92     Schedules.    Each of the Debtors' Schedules of Assets and Liabilities, as may be amended or supplemented, and filed with the Bankruptcy Court in accordance with § 521(a)(1) of the Bankruptcy Code.

1.93     Secured Claim.    A Claim to the extent of the value, as may be determined by the Bankruptcy Court pursuant to § 506(a) of the Bankruptcy Code, of any interest in property of any Debtor's Estate securing such Claim, or any Claim to the extent that it is subject to setoff under § 553 of the Bankruptcy Code.  To the extent that the value of such interest is less than the amount of the Claim which has the benefit of such security, such Claim is a Deficiency Claim.

1.94     Subordinated Claim.    An Unsecured Claim that is subordinated pursuant to 11 U.S.C. § 510 or other applicable non-bankruptcy law pursuant to Final Order.

1.95     Transferred Assets.    The assets being transferred to Foundation in accordance with the Foundation Purchase Agreement.

1.96     Unsecured Claim.    A Claim not secured by a charge, mortgage or lien against or interest in property of the Estate, including but not limited to any Deficiency Claim and any claim for damages resulting from the rejection of an executory contract or lease.

## ARTICLE 2
## RULES OF CONSTRUCTION

Unless otherwise specified, all section, article, schedule or exhibit references in this Plan are to the respective section in, article of, or schedule or exhibit to, this Plan, as same may be amended, waived, or modified from time to time.  The schedules and exhibits to this Plan are hereby incorporated herein by reference as if fully set forth herein.  Except as otherwise expressly provided herein, a term used herein that is not defined herein shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules.  The words "herein,"

"hereof" and "hereunder" and other words of similar import refer to this Plan as a whole and not to any particular section, subsection or clause contained in this Plan, unless the context requires otherwise. Whenever the words "include," "includes," or "including" are used in this Plan, such words are deemed to be followed by the words "without limitation" whether or not they are in fact followed by such words or words of like import.  Whenever from the context it appears appropriate, each term stated in either the singular or the plural includes the singular and the plural, and pronouns stated in the masculine, feminine or neuter gender include the masculine, feminine and the neuter. The article headings contained in the Plan are for reference purposes only and shall not affect in any way the meaning or interpretation of the Plan.

The rules of construction contained in § 102 of the Bankruptcy Code shall apply to the construction of this Plan, except for § 102(5) of the Bankruptcy Code.  The headings in this Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof.

## ARTICLE 3
## CLASSIFICATION OF CLAIMS AND INTERESTS

The Claims against and Interests in the Debtors are classified as set forth in this Article.

3.1     <u>Administrative Claims and Priority Tax Claims</u>.  In accordance with § 1123(a)(l) of the Bankruptcy Code, certain Administrative Claims and Priority Tax Claims have not been classified and thus are excluded from the Classes of Claims and Interests set forth in this Article III.  These unclassified Claims are treated as follows:

3.1.1     <u>Administrative MidCap Secured Claim</u>.  The Administrative MidCap Secured Claim shall be paid in full and in Cash on the earlier of (i) the Closing of the Foundation Sale; and (ii) the Effective Date from the Net Sales Proceeds.

3.1.2     <u>Other Administrative Claims</u>.  Other Allowed Administrative Claims arising under 11 U.S.C. § 503(b), including Cure Costs against the Debtors but excluding Administrative Claims assumed by Foundation under the Foundation Purchase Agreement, will be paid in Cash and in full by the Liquidating Trustee from the Net Sales Proceeds on the later of (i) the Distribution Date, (ii) the date on which such Administrative Claim becomes an Allowed Claim; or (iii) such other date as the Liquidating Trustee and the holder of the Allowed Administrative shall agree.  Allowed Administrative Claims that are not secured by a valid, perfected, post-petition Lien are not entitled to post-petition interest or legal fees and expenses.

3.1.3     <u>Priority Tax Claims</u>.  Priority Tax Claims, other than the Pre-petition Federal Payroll Tax Claim, will be paid in Cash and in full by the Liquidating Trustee from the Net Sales Proceeds on the later of (i) the Distribution Date, (ii) the date on which such Priority Tax Claim becomes an Allowed Claim; or (iii) such other date as the Liquidating Trustee and the holder of the Allowed Priority Tax Claim shall agree.

3.1.4     The Pre-petition Federal Payroll Tax Claim shall be satisfied by the Debtors' assignment to the IRS of the IRS Installment Note, which assignment shall

constitute full and final satisfaction and discharge of the Pre-Petition Federal Payroll Tax Claim and permanently terminate any and all Legal Proceedings related thereto.

      3.2    <u>Classified Claims Against the Debtors</u>.  Claims against the Debtors are classified as follows:

**<u>University General Health System, Inc.</u>**

      3.2.1    <u>Class A1 – Miscellaneous Secured Claims Against University General Health System, Inc</u>.  Class A1 is comprised of all Allowed Secured Claims against University General Health System, Inc. other than the Allowed MidCap Secured Claim.

      3.2.2    <u>Class A2 – Priority Non-Tax Claims Against University General Health System, Inc</u>.  Class A2 is comprised of all Allowed Priority Non-Tax Claims against University General Health System, Inc.

      3.2.3    <u>Class A3 – General Unsecured Claims Against University General Health System, Inc</u>.  Class A3 is comprised of all Allowed General Unsecured Claims against University General Health System, Inc.

      3.2.4    <u>Class A4 – Subordinated Claims Against University General Health System, Inc</u>.  Class A4 is comprised of all Allowed Subordinated Claims against University General Health System, Inc.

      3.2.5    <u>Class A5 – Interests in University General Health System, Inc</u>.  Class A5 is comprised of all Allowed Interests in University General Health System, Inc.

**<u>UGHS Autimis Billing, Inc</u>**.

      3.2.6    <u>Class B1 – Miscellaneous Secured Claims Against UGHS Autimis Billing, Inc</u>.  Class B1 is comprised of all Allowed Secured Claims against UGHS Autimis Billing, Inc. other than the Allowed MidCap Secured Claim.

      3.2.7    <u>Class B2 – Priority Non-Tax Claims Against UGHS Autimis Billing, Inc</u>.  Class B2 is comprised of all Allowed Priority Non-Tax Claims against UGHS Autimis Billing, Inc.

      3.2.8    <u>Class B3 – General Unsecured Claims Against UGHS Autimis Billing, Inc</u>.  Class B3 is comprised of all Allowed General Unsecured Claims against UGHS Autimis Billing, Inc.

      3.2.9    <u>Class B4 – Subordinated Claims Against UGHS Autimis Billing, Inc</u>.  Class B4 is comprised of all Allowed Subordinated Claims against UGHS Autimis Billing, Inc.

      3.2.10    <u>Class B5 – Interests in UGHS Autimis Billing, Inc</u>.  Class B5 is comprised of all Allowed Interests in UGHS Autimis Billing, Inc.

**UGHS Autimis Coding, Inc**.

       3.2.11    <u>Class C1 – Miscellaneous Secured Claims Against UGHS Autimis Coding, Inc</u>.  Class C1 is comprised of all Allowed Secured Claims against UGHS Autimis Coding, Inc. other than the Allowed MidCap Secured Claim.

       3.2.12    <u>Class C2 – Priority Non-Tax Claims Against UGHS Autimis Coding, Inc</u>.  Class C2 is comprised of all Allowed Priority Non-Tax Claims against UGHS Autimis Coding, Inc.

       3.2.13    <u>Class C3 – General Unsecured Claims Against UGHS Autimis Coding, Inc</u>.  Class C3 is comprised of all Allowed General Unsecured Claims against UGHS Autimis Coding, Inc.

       3.2.14    <u>Class C4 – Subordinated Claims Against UGHS Autimis Coding, Inc</u>.  Class C4 is comprised of all Allowed Subordinated Claims against UGHS Autimis Coding, Inc.

       3.2.15    <u>Class C5 – Interests in UGHS Autimis Coding, Inc</u>.  Class C5 is comprised of all Allowed Interests in UGHS Autimis Coding, Inc.

**UGHS ER Services, Inc**.

       3.2.16    <u>Class D1 – Miscellaneous Secured Claims Against UGHS ER Services, Inc</u>.  Class D1 is comprised of all Allowed Secured Claims against UGHS ER Services, Inc. other than the Allowed MidCap Secured Claim.

       3.2.17    <u>Class D2 – Priority Non-Tax Claims Against UGHS ER Services, Inc</u>.  Class D2 is comprised of all Allowed Priority Non-Tax Claims against UGHS ER Services, Inc.

       3.2.18    <u>Class D3 – General Unsecured Claims Against UGHS ER Services, Inc</u>.  Class D3 is comprised of all Allowed General Unsecured Claims against UGHS ER Services, Inc.

       3.2.19    <u>Class D4 – Subordinated Claims Against UGHS ER Services, Inc</u>.  Class D4 is comprised of all Allowed Subordinated Claims against UGHS ER Services, Inc.

       3.2.20    <u>Class D5 – Interests in UGHS ER Services, Inc</u>.  Class D5 is comprised of all Allowed Interests in UGHS ER Services, Inc.

**UGHS Hospitals, Inc**.

       3.2.21    <u>Class E1 – Miscellaneous Secured Claims Against UGHS Hospitals, Inc</u>.  Class E1 is comprised of all Allowed Secured Claims against UGHS Hospitals, Inc. other than the Allowed MidCap Secured Claim.

3.2.22    <u>Class E2 – Priority Non-Tax Claims Against UGHS Hospitals, Inc</u>. Class E2 is comprised of all Allowed Priority Non-Tax Claims against UGHS Hospitals, Inc.

3.2.23    <u>Class E3 – General Unsecured Claims Against UGHS Hospitals, Inc</u>. Class E3 is comprised of all Allowed General Unsecured Claims against UGHS Hospitals, Inc.

3.2.24    <u>Class E4 – Subordinated Claims Against UGHS Hospitals, Inc</u>.  Class E4 is comprised of all Allowed Subordinated Claims against UGHS Hospitals, Inc.

3.2.25    <u>Class E5 – Interests in UGHS Hospitals, Inc</u>.  Class E5 is comprised of all Allowed Interests in UGHS Hospitals, Inc.

**UGHS Management Services, Inc**.

3.2.26    <u>Class F1 – Miscellaneous Secured Claims Against UGHS Management Services, Inc</u>.  Class F1 is comprised of all Allowed Secured Claims against UGHS Management Services, Inc. other than the Allowed MidCap Secured Claim and the secured claim asserted by the IRS against UGHS Management Services, Inc.

3.2.27    <u>Class F2 – Priority Non-Tax Claims Against UGHS Management Services, Inc</u>.  Class F2 is comprised of all Allowed Priority Non-Tax Claims against UGHS Management Services, Inc.

3.2.28    <u>Class F3 – General Unsecured Claims Against UGHS Management Services, Inc</u>.  Class F3 is comprised of all Allowed General Unsecured Claims against UGHS Management Services, Inc.

3.2.29    <u>Class F4 – Subordinated Claims Against UGHS Management Services, Inc</u>.  Class F4 is comprised of all Allowed Subordinated Claims against UGHS Management Services, Inc.

3.2.30    <u>Class F5 – Interests in UGHS Management Services, Inc</u>.  Class F5 is comprised of all Allowed Interests in UGHS Management Services, Inc.

**UGHS Support Services, Inc**.

3.2.31    <u>Class G1 – Miscellaneous Secured Claims Against UGHS Support Services, Inc</u>.  Class G1 is comprised of all Allowed Secured Claims against UGHS Support Services, Inc. other than the Allowed MidCap Secured Claim.

3.2.32    <u>Class G2 – Priority Non-Tax Claims Against UGHS Support Services, Inc</u>.  Class G2 is comprised of all Allowed Priority Non-Tax Claims against UGHS Support Services, Inc.

3.2.33    <u>Class G3 – General Unsecured Claims Against UGHS Support Services, Inc.</u>  Class G3 is comprised of all Allowed General Unsecured Claims against UGHS Support Services, Inc.

3.2.34    <u>Class G4 – Subordinated Claims Against UGHS Support Services, Inc.</u>  Class G4 is comprised of all Allowed Subordinated Claims against UGHS Support Services, Inc.

3.2.35    <u>Class G5 – Interests in UGHS Support Services, Inc.</u>  Class G5 is comprised of all Allowed Interests in UGHS Support Services, Inc.

**<u>University General Hospital, LP</u>**.

3.2.36    <u>Class H1 – Miscellaneous Secured Claims Against University General Hospital, LP</u>.  Class H1 is comprised of all Allowed Secured Claims against University General Hospital, LP other than the Allowed MidCap Secured Claim.

3.2.37    <u>Class H2 – Priority Non-Tax Claims Against University General Hospital, LP</u>.  Class H2 is comprised of all Allowed Priority Non-Tax Claims against University General Hospital, LP.

3.2.38    <u>Class H3 – General Unsecured Claims Against University General Hospital, LP</u>.  Class H3 is comprised of all Allowed General Unsecured Claims against University General Hospital, LP.

3.2.39    <u>Class H4 – Subordinated Claims Against University General Hospital, LP</u>.  Class H4 is comprised of all Allowed Subordinated Claims against University General Hospital, LP.

3.2.40    <u>Class H5 – Interests in University General Hospital, LP</u>.  Class H5 is comprised of all Allowed Interests in University General Hospital, LP.

**<u>University Hospital Systems, LLP</u>**

3.2.41    <u>Class I1 – Miscellaneous Secured Claims Against University Hospital Systems, LLP</u>.  Class I1 is comprised of all Allowed Secured Claims against University Hospital Systems, LLP other than the Allowed MidCap Secured Claim.

3.2.42    <u>Class I2 – Priority Non-Tax Claims Against University Hospital Systems, LLP</u>.  Class I2 is comprised of all Allowed Priority Non-Tax Claims against University Hospital Systems, LLP.

3.2.43    <u>Class I3 – General Unsecured Claims Against University Hospital Systems, LLP</u>.  Class I3 is comprised of all Allowed General Unsecured Claims against University Hospital Systems, LLP.

3.2.44    Class I4 – Subordinated Claims Against University Hospital Systems, LLP.  Class I4 is comprised of all Allowed Subordinated Claims against University Hospital Systems, LLP.

3.2.45    Class I5 – Interests in University Hospital Systems, LLP.  Class I5 is comprised of all Allowed Interests in University Hospital Systems, LLP.

## ARTICLE 4
## IMPAIRMENT OF CLASSES AND RESOLUTION
## OF CLAIM CONTROVERSIES

4.1    Impaired Classes.  Only holders of Claims that are in impaired Classes may vote on this Plan.  The following Classes of Claims and Interests are impaired under this Plan:

**University General Health System, Inc**.

4.1.1    Class A1 – Miscellaneous Secured Claims Against University General Health System, Inc.
4.1.2    Class A3 – General Unsecured Claims Against University General Health System, Inc.
4.1.3    Class A4 – Subordinated Claims Against University General Health System, Inc.
4.1.4    Class A5 – Interests in University General Health System, Inc.

**UGHS Autimis Billing, Inc**.

4.1.5    Class B1 – Miscellaneous Secured Claims Against UGHS Autimis Billing, Inc.
4.1.6    Class B3 – General Unsecured Claims Against UGHS Autimis Billing, Inc.
4.1.7    Class B4 – Subordinated Claims Against UGHS Autimis Billing, Inc.
4.1.8    Class B5 – Interests in UGHS Autimis Billing, Inc.

**UGHS Autimis Coding, Inc**.

4.1.9    Class C1 – Miscellaneous Secured Claims Against UGHS Autimis Coding, Inc.
4.1.10   Class C3 – General Unsecured Claims Against UGHS Autimis Coding, Inc.
4.1.11   Class C4 – Subordinated Claims Against UGHS Autimis Coding, Inc.
4.1.12   Class C5 – Interests in UGHS Autimis Coding, Inc.

**UGHS ER Services, Inc**.

4.1.13   Class D1 – Miscellaneous Secured Claims Against UGHS ER Services, Inc.
4.1.14   Class D3 – General Unsecured Claims Against UGHS ER Services, Inc.
4.1.15   Class D4 – Subordinated Claims Against UGHS ER Services, Inc.

4.1.16  Class D5 – Interests in UGHS ER Services, Inc.

**UGHS Hospitals, Inc**.

4.1.17  Class E1 – Miscellaneous Secured Claims Against UGHS Hospitals, Inc.
4.1.18  Class E3 – General Unsecured Claims Against UGHS Hospitals, Inc.
4.1.19  Class E4 – Subordinated Claims Against UGHS Hospitals, Inc.
4.1.20  Class E5 – Interests in UGHS Hospitals, Inc.

**UGHS Management Services, Inc**.

4.1.21  Class F1 – Miscellaneous Secured Claims Against UGHS Management Services, Inc.
4.1.22  Class F3 – General Unsecured Claims Against UGHS Management Services, Inc.
4.1.23  Class F4 – Subordinated Claims Against UGHS Management Services, Inc.
4.1.24  Class F5 – Interests in UGHS Management Services, Inc.

**UGHS Support Services, Inc**.

4.1.25  Class G1 – Miscellaneous Secured Claims Against UGHS Support Services, Inc.
4.1.26  Class G3 – General Unsecured Claims Against UGHS Support Services, Inc.
4.1.27  Class G4 – Subordinated Claims Against UGHS Support Services, Inc.
4.1.28  Class G5 – Interests in UGHS Support Services, Inc.

**University General Hospital, LP**.

4.1.29  Class H1 – Miscellaneous Secured Claims Against University General Hospital, LP.
4.1.30  Class H3 – General Unsecured Claims Against University General Hospital, LP.
4.1.31  Class H4 – Subordinated Claims Against University General Hospital, LP.
4.1.32  Class H5 – Interests in University General Hospital, LP.

**University Hospital Systems, LLP**.

4.1.33  Class I1 – Miscellaneous Secured Claims Against University Hospital Systems, LLP.
4.1.34  Class I3 – General Unsecured Claims Against University Hospital Systems, LLP.
4.1.35  Class I4 – Subordinated Claims Against University Hospital Systems, LLP.
4.1.36  Class I5 – Interests in University Hospital Systems, LLP.

4.2     Unimpaired Classes.   Holders of Claims that are in unimpaired Classes are deemed to have accepted the Plan and are not entitled to vote on this proposed Plan.   The following Classes of Claims are not impaired under this Plan:

**University General Health System, Inc**.

   4.2.1   Class A2 – Priority Non-Tax Claims Against University General Health System, Inc.

**UGHS Autimis Billing, Inc**.

   4.2.2   Class B2 – Priority Non-Tax Claims Against UGHS Autimis Billing, Inc.

**UGHS Autimis Coding, Inc**.

   4.2.3   Class C2 – Priority Non-Tax Claims Against UGHS Autimis Coding, Inc.

**UGHS ER Services, Inc**.

   4.2.4   Class D2 – Priority Non-Tax Claims Against UGHS ER Services, Inc.

**UGHS Hospitals, Inc**.

   4.2.5   Class E2 – Priority Non-Tax Claims Against UGHS Hospitals, Inc.

**UGHS Management Services, Inc**.

   4.2.6   Class F2 – Priority Non-Tax Claims Against UGHS Management Services, Inc.

**UGHS Support Services, Inc**.

   4.2.7   Class G2 – Priority Non-Tax Claims Against UGHS Support Services, Inc.

**University General Hospital, LP**.

   4.2.8   Class H2 – Priority Non-Tax Claims Against University General Hospital, LP.

**University Hospital Systems, LLP**

   4.2.9   Class I2 - Priority Non-Tax Claims Against University Hospital Systems, LLP.

4.3     Controversy Concerning Classification, Impairment or Voting Rights.   In the event a controversy or dispute should arise involving issues related to the classification, impairment or voting rights of any Creditor or Interest Holder under the Plan, prior to the Confirmation Date, the Bankruptcy Court may, after notice and a hearing, determine such

controversy.  Without limiting the foregoing, the Bankruptcy Court may estimate for voting purposes the amount of any contingent or unliquidated Claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the Chapter 11 Cases.  In addition, the Bankruptcy Court may in accordance with § 506(b) of the Bankruptcy Code conduct valuation hearings to determine the Allowed Amount of any Secured Claim.

## ARTICLE 5
## TREATMENT OF IMPAIRED CLASSES

5.1    Classes A1, B1, C1, D1, E1, F1, G1, H1 and I1.  In the sole discretion of the Liquidating Trustee, after consultation with the Post-Confirmation Committee, the holder of an Allowed Claim in Classes A1, B1, C1, D1, E1, F1, G1, H1 and I1 shall receive either (i) the proceeds of the Collateral securing such Claimant's Allowed Claim after satisfaction in full of all superior liens up to the Allowed Amount of the Claimant's Allowed Secured Claim; or (ii) the Collateral securing such Claimant's Allowed Secured Claim in full and final satisfaction of such Claim.

5.2    Classes A3, B3, C3, D3, E3, F3, G3, H3 and I3.  The Liquidating Trustee shall distribute Available Cash Pro Rata to holders of Allowed Claims in Classes A3, B3, C3, D3, E3, F3, G3, H3 and I3 and/or the Disputed Claims Reserve pursuant to Articles 8.4 and 8.5 herein, if applicable, on the Initial Distribution Date.  The Liquidating Trustee shall make additional future distributions to holders of Allowed Claims in Classes A3, B3, C3, D3, E3, F3, G3, H3 and I3 from Available Cash on subsequent Payment Dates as the Liquidating Trustee determines appropriate after consultation with the Post-Confirmation Committee.  In the event that any of Class A3, B3, C3, D3, E3, F3, G3, H3 and I3 are paid in full and there exists remaining Available Cash as to the respective Debtor, holders of Allowed Claims in such class shall receive interest at the Plan Rate.  Any Available Cash remaining after the satisfaction of the applicable classes in this paragraph shall be distributed in accordance with Article 5.3 and, if applicable, Article 5.4 herein.

5.3    Classes A4, B4, C4, D4, E4, F4, G4, H4 and I4.  Each holder of an Allowed Subordinated Claim in Classes A4, B4, C4, D4, E4, F4, G4, H4 and I4 shall receive a Pro Rata share of Available Cash up to the Allowed Amount of such Claim after payment in full of all Allowed Claims in the corresponding superior class set forth in Article 5.2 above.  For purposes of clarity, a holder of an Allowed Class C4 Claim is entitled to a Distribution if and only if all Allowed Class C3 Claims are paid in full with interest irrespective of the distributions to holders of Allowed Claims in Classed A3, B3, D3, E3, F3, G3, H3 and I3.  In the event that any of Class A4, B4, C4, D4, E4, F4, G4, H4 and I4 are paid in full and there exists remaining Available Cash as to the respective Debtor, holders of Allowed Claims in such class shall receive interest at the Plan Rate.  Any Available Cash remaining after the satisfaction of the applicable classes in this paragraph shall be distributed in accordance with Article 5.5 herein.

5.4    Classes A5, B5, C5, D5, E5, F5, G5, H5 and I5.  All Equity Interests in Classes A5, B5, C5, D5, E5, F5, G5 and I5 shall be canceled as of the Effective Date.  All Equity Interests in Class H5 is a Transferred Asset under the Foundation Purchase Agreement, shall remain in existence and, to the extent not yet transferred as of the Effective Date, shall be conveyed to Foundation in accordance with the Foundation Purchase Agreement and Sale Order.

Any Available Cash after payment in full of Classes A4, B4, C4, D4, E4, F4, G4 and I4 shall be considered Available Cash for the benefit of Classes A5, B5, C5, D5, E5, F5, G5 and I5, to be distributed based on the respective interest, if any, of each Debtor in remaining Available Cash.

## ARTICLE 6
## TREATMENT OF UNIMPAIRED CLASSES

6.1     <u>Classes A2, B2, C2, D2, E2, F2, G2, H2 and I2</u>.  Allowed Claims in Classes A2, B2, C2, D2, E2, F2, G2, H2 and I2 will be paid in Cash and in full by the Liquidating Trustee from the Net Sales Proceeds on the later of (i) the Distribution Date, (ii) the date on which such Claim becomes an Allowed Claim; or (iii) such other date as the Liquidating Trustee and the holder of the Allowed Claim in Classes A2, B2, C2, D2, E2, F2, G2, H2 or I2 shall agree. Allowed Claims in Classes A2, B2, C2, D2, E2, F2, G2, H2 and I2 are not entitled to post-petition interest or post-petition legal fees and expenses.

## ARTICLE 7
## MEANS OF IMPLEMENTATION

7.1     <u>Closing of the Foundation Sale</u>.  As a condition to the Effective Date, the Debtors shall consummate the Foundation Sale in accordance with the Foundation Purchase Agreement and Sale Order.  The Foundation Purchase Agreement shall be deemed incorporated into this Plan as if set forth herein.

7.2     <u>Creation of Liquidating Trust</u>.  On the Effective Date, the Liquidating Trust shall be created.  The Liquidating Trust shall be governed by the Liquidating Trust Agreement, the Plan and the Confirmation Order.  The terms of the employment of the Liquidating Trustee shall be set forth in the Liquidating Trust Agreement or the Confirmation Order.  On the Effective Date, the Debtors shall transfer the Net Sales Proceeds to the Liquidating Trust.  In addition, the Debtors will transfer to the Liquidating Trust the Retained Assets, as defined in the Foundation Purchase Agreement.  All transfers to the Liquidating Trust shall be free and clear of all liens, claims, interests and encumbrances.  Except as specifically set forth herein, holders of Allowed Claims shall look solely to the Liquidating Trust for the satisfaction of their Claims.  For federal income tax purposes, the transfer of the identified assets to the Liquidating Trust will be deemed to be a transfer to the holders of Allowed Claims (who are the Liquidating Trust beneficiaries), followed by a deemed transfer by such beneficiaries to the Liquidating Trust.

7.3     <u>Continuation of Operations/Corporate Existence</u>.  From and after the Effective Date of the Plan, the Liquidating Trustee is authorized to take such actions as are necessary to wind up the Debtors' affairs, with the exception of University General Hospital, LP, which is being sold pursuant to the Foundation Sale, and complete a dissolution under applicable law.

7.4     <u>General Powers of the Liquidating Trustee</u>.  Subject to any express limitations, the Liquidating Trustee, on behalf of the Liquidating Trust, shall have all of the rights, powers and privileges set forth in this Plan, the Confirmation Order and the Liquidating Trust Agreement.  The Liquidating Trustee is authorized and shall have the obligation to take all such actions as in his/her judgment are necessary and appropriate to effectuate the purposes of the Plan, including but not limited to the following:

7.4.1     Make all Distributions contemplated under the Plan;

7.4.2     Consistent with maintaining the value and liquidating the residual assets of the Liquidating Trust, invest in time or demand deposits, including certificates of deposit issued by any bank approved as a depository institution by the United States Trustee's office, United States Treasury bonds and other securities guaranteed by the full faith and credit of the United States of America or any agency thereof;

7.4.3     Supervise and administer the resolution, settlement and payment of Claims and Interests and the distributions to the holders of Allowed Claims and Allowed Interests in accordance with this Plan;

7.4.4     Enter into any agreement on behalf of the Liquidating Trust required by or consistent with the Plan and perform all of the obligations required of the Liquidating Trustee under the Liquidating Trust or this Plan;

7.4.5     Abandon any of the assets of the Liquidating Trust if the Liquidating Trustee, after consultation with the Post-Confirmation Committee, concludes that such assets are of no material benefit to the Creditors or Interest Holders;

7.4.6     Participate in or initiate any proceeding before the Bankruptcy Court or any other court of appropriate jurisdiction and participate as a party or otherwise in any Legal Proceeding, administrative proceeding, arbitrative proceeding or other non-judicial proceeding and litigate claims on behalf of the Liquidating Trust, including without limitation all state and federal causes of action or any other litigation which constitute an asset of the Liquidating Trust and pursue to settlement or judgment such actions;

7.4.7     Participate as a party-in-interest in any proceeding before the United States Bankruptcy Court involving the Chapter 11 Cases;

7.4.8     Act in the name of or in the place of the Liquidating Trust in any action before the United States Bankruptcy Court or any other judicial or administrative body;

7.4.9     Take actions and exercise remedies against any entity that owes money to the Liquidating Trust, including without limitation, the remedies available under any deed of trust, security agreement, contract, promissory note, bond, guarantee or other instrument or document; make compromises regarding any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document; and, declare or waive defaults regarding any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document;

7.4.10    Subject to the limitations provided under Article 7.7.2, select and employ such professionals, consultants, agents or employees as the Liquidating Trustee deems necessary to assist in the administration of the affairs of the Liquidating Trust and compensate such persons;

7.4.11     Hold any unclaimed distribution or payment to the holder of an Allowed Claim in accordance with this Plan;

7.4.12     Propose any amendment, modification or supplement to this Plan or the Liquidating Trust's governance documents;

7.4.13     File dissolution/termination documents with the appropriate governmental agencies to dissolve the Liquidating Trust;

7.4.14     Receive, conserve and manage the assets of the Liquidating Trust and sell, pursuant to 11 U.S.C. § 363(f), 11 U.S.C. § 1123(a)(5) and this Plan, or otherwise dispose of such assets for a price and upon such terms and conditions as the Liquidating Trustee deems most beneficial to the Creditors and Interest Holders and execute such deeds, bills of sale, assignments and other instruments in connection therewith;

7.4.15     Open and maintain bank accounts on behalf of or in the name of the Liquidating Trust;

7.4.16     Pay all taxes, make all tax withholdings and file tax returns and tax information returns and make tax elections by and on behalf of the Liquidating Trust;

7.4.17     Pay all lawful expenses, debts, charges and liabilities of the Liquidating Trust;

7.4.18     Enforce all provisions of this Plan, including all rights under the Foundation Purchase Agreement or similar agreement and any allocation of Net Sales Proceeds;

7.4.19     Protect, perfect and defend the title to any of the assets of the Liquidating Trust and enforce any bonds, mortgages or other obligations or liens owned by the Liquidating Trust;

7.4.20     Carry insurance coverage, including insurance to protect the Liquidating Trust, the Liquidating Trustee and the Post-Confirmation Committee against claims brought against the Liquidating Trustee, the Liquidating Trustee or the Post-Confirmation Committee acting within their capacities with the Liquidating Trust, in such amounts as they deem advisable;

7.4.21     Establish such reserves for taxes, assessments and other expenses of administration of the Liquidating Trust (including without limitation the Disputed Claims Reserve) as may be necessary and appropriate for the proper operation of matters incident to the affairs of the Liquidating Trust; and

7.4.22     Exercise such other powers and duties as are necessary or appropriate in the Liquidating Trustee's discretion to accomplish the purposes of this Plan.

7.5     Obligations of the Liquidating Trustee.  Notwithstanding anything in this Plan or the Liquidating Trust Agreement to the contrary, the Liquidating Trustee shall have the following duties:

7.5.1     Subject to the provisions of Section 8.1 and 8.2 of the Plan, the Liquidating Trustee shall consult with the Post-Confirmation Committee regarding all material issues affecting the Liquidating Trust, including the (i) timing and amount of Distributions; (ii) resolution of Claims objections, (iii) the pursuit of Causes of Action, and (iv) the sale and other disposition of assets.  If the Post-Confirmation Committee submits a written objection to the Liquidating Trustee within 10 days of such consultation regarding any anticipated action, the Liquidating Trustee shall seek Bankruptcy Court approval prior to taking such action.

7.5.2     The Liquidating Trustee shall consult with and obtain approval of the Post-Confirmation Committee regarding the retention of, and fee arrangements with professionals representing the Liquidating Trust.  If the Liquidating Trustee wishes to employ a professional to which the Post-Confirmation Committee fails to provide its approval within 10 days of receiving a written request from the Liquidating Trustee, the Liquidating Trustee may seek approval to employ such professional from the Bankruptcy Court.

7.5.3     The Liquidating Trustee shall cause to be prepared a quarterly report illustrating (i) receipts and disbursements during the prior quarter, (ii) a schedule of all asset dispositions, (iii) a schedule of Distributions made, and (iv) a summary listing of the status of the resolution of objections to Claims and Causes of Action.  Such quarterly report shall be distributed to the Post-Confirmation Committee within fifteen (15) business days after the end of the relevant report preparation period.

7.5.4     The Liquidating Trustee shall maintain records and books of account relating to the Liquidating Trust's assets, the management thereof and all transactions undertaken by the Liquidating Trustee on behalf of the Liquidating Trust.  The Liquidating Trustee shall also maintain records and books of account relating to all Distributions contemplated under the Plan.

7.6     Limitations on the Powers of the Liquidating Trustee.

7.6.1     In the event that the Post-Confirmation Committee makes a written request to the Liquidating Trustee that the Liquidating Trustee take some action and the Liquidating Trustee either fails or refuses to take such action with 15 days of such request, the Post-Confirmation Committee may seek authority from the Bankruptcy Court to take such action on behalf of the Liquidating Trust.  Any party may object to any such request.

7.6.2     Notwithstanding anything in the Plan or the Liquidating Trust Agreement to the contrary, the Liquidating Trust shall not include any Transferred Assets or Specifically Assumed Liabilities and the Liquidating Trustee shall not have power over any such assets, liabilities, Causes of Action or claims related thereto, except (i) for

liquidating and satisfying Cure Costs and (ii) for Post-Petition Accounts Payable (as defined in the Foundation Purchase Agreement) that are not Specifically Assumed Liabilities (as defined in the Foundation Purchase Agreement).

7.7    <u>The Committee</u>.  The Committee shall continue in existence until the Effective Date at which time the Committee shall be terminated.   On the Effective Date, a Post-Confirmation Committee shall be formed.  The Post-Confirmation Committee shall be comprised of three (3) members designated by the Committee at least three (3) Business Days prior to the commencement of the Confirmation Hearing.   In the event of death or resignation of any member of the Post-Confirmation Committee, (i) the remaining members of the Post-Confirmation Committee appointed by the Committee shall have the right to designate a successor.  If a Post-Confirmation Committee member assigns or releases its Claims against the Liquidating Trust or releases the Liquidating Trust of the obligation to pay its Claim, such act shall constitute a resignation from the Post-Confirmation Committee.  Until a vacancy on the Post-Confirmation Committee is filled, the Post-Confirmation Committee shall function in its reduced number.  Upon Final Distribution, the Post-Confirmation Committee shall be dissolved and the members thereof shall be released and discharged of and from all further authority, duties, responsibilities and obligations related to and arising from their service as Post-Confirmation Committee members.

7.8    <u>The Post-Confirmation Committee</u>.   The members of the Post-Confirmation Committee shall undertake their duties as specified in the Plan.  In serving as a member of the Post-Confirmation Committee, such members shall not assume or be deemed to have assumed any liability to Creditors, Interest Holders, the Debtors, the Liquidating Trust, the Liquidating Trustee, or any other parties in interest in the Chapter 11 Cases and shall not be liable for any acts or omissions while acting in that capacity, except for acts or omissions in bad faith and acts or omissions constituting malfeasance, gross negligence or willful misconduct.   The Post-Confirmation Committee shall have the right to retain counsel or other professionals without further order of the Bankruptcy Court, who shall be paid their reasonable fees and expenses by the Liquidating Trust.   In addition, the members of the Post-Confirmation Committee shall be entitled to reimbursement from the Liquidating Trust of their reasonable expenses incurred in connection with their duties as members of the Post-Confirmation Committee.  The Bankruptcy Court shall retain jurisdiction to hear any disputes relating to the fees and expenses of the Post-Confirmation Committee's professionals, which disputes, if any, shall be resolved by the Bankruptcy Court after notice and hearing.

7.9    <u>Resignation/Removal of the Liquidating Trustee</u>.  The Liquidating Trustee may resign at any time by filing a written notice of resignation with the Bankruptcy Court.  Any such resignation shall become effective on the earlier to occur of (i) sixty (60) days after the filing date of such notice; or (ii) the appointment of a successor Liquidating Trustee.  The Post-Confirmation Committee may remove the Liquidating Trustee at its discretion upon unanimous vote of all members without approval of the Bankruptcy Court, provided, however, that the Post-Confirmation Committee shall provide the Liquidating Trustee with thirty (30) days written notice of its intent to remove the Liquidating Trustee.  If the Liquidating Trustee believes that his/her removal is not in the best interests of Creditors, then the Liquidating Trustee may seek Bankruptcy Court approval to continue as Liquidating Trustee.  If such authority is sought, the Liquidating Trustee shall continue in his/her capacity as Liquidating Trustee pending a Final

Order resolving the issue.  All fees and expenses incurred by the Liquidating Trustee and the Post-Confirmation Committee in pursuit of the removal or continuation of the Liquidating Trustee shall be paid by the Liquidating Trust.

7.10    Appointment of Successor Liquidating Trust.  In the event of the death, resignation or removal of the Liquidating Trustee, the Post-Confirmation Committee shall designate a successor Liquidating Trustee.  Any successor Liquidating Trustee appointed hereunder shall execute and file a statement accepting such appointment and agreeing to be bound by the terms of the Plan and upon such filing, the successor Liquidating Trustee shall immediately become vested with all the rights, powers, trusts and duties of the Liquidating Trustee.

7.11    Rights and Duties of the Post-Confirmation Committee.  The Post-Confirmation Committee shall:

7.11.1    have the right to review, approve and object to settlements and proposed prosecution, release or abandonment of objections to Claims, Claims or Causes of Action by the Liquidating Trustee in accordance with this Plan;

7.11.2    have the right to review, approve and object to proposed sales and other dispositions of assets belonging to the Liquidating Trust;

7.11.3    be vested with authority to remove the Liquidating Trustee, or any successor Liquidating Trustee, appointed pursuant this Plan and in accordance with the terms of this Plan;

7.11.4    perform such additional functions as may be agreed to by the Liquidating Trustee, or are otherwise provided for in this Plan, the Confirmation Order, or are provided for by further Order of the Court entered after the Effective Date; and

7.11.5    consult with the Liquidating Trustee in connection with any other matters related to the Plan or the Liquidating Trust Agreement.

7.12    Compensation Procedures.  The Liquidating Trust, the Post-Confirmation Committee, and all professionals employed by them shall be entitled to payment of their fees and reimbursement of all reasonable expenses on a monthly basis pursuant to the terms of the Fee Procedures Order, provided, however, that no professional shall be required to provide notice of the monthly fee statements to the Office of the United States Trustee, the payment due upon the Liquidating Trustee's receipt of invoices shall be of 100% of fees and expenses, and the professionals shall not be required to file fee applications unless objections to such professionals' fee statements are properly served in accordance with the Fee Procedures Order.

## ARTICLE 8
## CLAIM/INTEREST OBJECTION PROCEDURES,
## TREATMENT OF DISPUTED CLAIMS/INTERESTS
## AND PROCEDURE FOR ASSERTING CLAIMS

8.1     Objection Process.   Subject to the limitations provided under Article 7, the Liquidating Trustee on behalf of the Liquidating Trust shall have the sole right to object to the allowance of any Claims or Interests provided for under the Plan.   Subject to the preceding sentence, all objections shall be litigated to Final Order; provided, however, that the Liquidating Trustee shall have the authority to compromise, settle or otherwise resolve all objections, for any Claim filed in the amount of $25,000 or less without approval of the Bankruptcy Court or notice to the Post-Confirmation Committee.   For all Claims in excess of $25,000, the Liquidating Trustee shall provide the Post-Confirmation Committee with 10 days written notice of any proposed settlement.   If no objection is served on the Liquidating Trustee within 10 days of the date of such notice, the Post-Confirmation Committee shall be deemed to have consented to such settlement and the Liquidating Trustee may settle such Claim without approval of any other person or entity.   If the Post-Confirmation Committee objects to any proposed settlement, the Liquidating Trustee shall either (i) withdraw the settlement; or (ii) bring the matter before the Bankruptcy Court for final resolution after notice and hearing.   Unless otherwise ordered by the Bankruptcy Court, the Liquidating Trustee shall file and serve all objections to Claims and Equity Interests no later than (i) 120 days after the later of (a) the Effective Date; or (b) the date on which a proof of claim, proof of interest or request for payment is filed with the Bankruptcy Court or (ii) such other date as may be approved by the Bankruptcy Court after notice and hearing.

8.2     Filing of Claims and Causes of Action.   Subject to the limitations provided under Article 7, the Liquidating Trustee shall have the exclusive right to file and prosecute any Claims and Causes of Action on behalf of the Liquidating Trust, including all derivative Causes of Action.   The Liquidating Trustee shall have the authority to compromise, settle or otherwise resolve all Claims and Causes of Action filed or asserted in the amount of $25,000 or less without approval of the Bankruptcy Court or notice to the Post-Confirmation Committee.   For all Claims and Causes of Action in excess of $25,000, the Liquidating Trustee shall provide the Post-Confirmation Committee with 10 days written notice of any proposed settlement.   If no objection is served on the Liquidating Trustee within 10 days of the date of such notice, the Post-Confirmation Committee shall be deemed to have consented to such settlement and the Liquidating Trustee may settle such Claim or Cause of Action without approval of any other person or entity.   If the Post-Confirmation Committee objects to any proposed settlement, the Liquidating Trustee shall either (i) withdraw the settlement; or (ii) bring the matter before the Bankruptcy Court for final resolution after notice and hearing.

8.3     Disputed Claims Reserve.   A Disputed Claims Reserve shall be established by the Liquidating Trustee for the treatment of Disputed Claims.   The Disputed Claims Reserve shall be either held in a separate bank account from all other funds held by the Liquidating Trust/Liquidating Trustee or segregated by book entry in the Liquidating Trustee's accounting records.   The Liquidating Trustee shall deposit into a Disputed Claims Reserve an amount equal to the Pro Rata share of the Distribution allocable to such Disputed Claims, in accordance with the distribution scheme contemplated in the Plan, as if such Claims and/or Equity Interests were

Allowed Claims or Equity Interests.  Amounts deposited into the Disputed Claims Reserve shall be held in trust for the benefit of the holders of Disputed Claims pending a determination of their entitlement thereto under the terms of the Plan.  Once such Disputed Claim is determined by Final Order or settlement to be an Allowed Claim, the Liquidating Trustee is authorized to pay the Allowed Amount of such Claim without further approval from or notice to any person or entity.

8.4     Distributions to Holders of Disputed Claims.  Within 10 Business Days after such time as a Disputed Claim becomes an Allowed Claim or Equity Interest, but in no event earlier than the Initial Distribution Date, any Distributions reserved for such Allowed Claim or Equity Interest shall be released from the Disputed Claims Reserve and delivered to the holder of such Allowed Claim or Equity Interest in an amount proportionate to the Allowed Amount of any such Claim or Equity Interest.  In the event that the Disputed Claim is disallowed in whole or in part, or otherwise settled in an amount less than the Disputed Claim amount, the disallowed or reduced portion of such Claim or Equity Interest shall be distributed from the Disputed Claim Reserve to holders of Allowed Claims or Equity Interests as Available Cash on the next Payment Date in accordance with the Plan without further approval from or notice to any person or entity.

8.5     Disallowance of Late Filed Proofs of Claim.  Except as otherwise provided in the Plan, any proof of claim filed by the holder of such Claim after the Bar Date is hereby disallowed.

8.6     Provisions Governing Distributions.

8.6.1     Record Date for Claims and Equity Interests.  The record date for Distributions to Allowed Claims and Allowed Interests under this Plan shall be the date the Bankruptcy Court enters its order approving the Disclosure Statement.  For purposes of Distributions to holders of Allowed Claims, the Liquidating Trustee will rely on the claims docket maintained by the Noticing Agent except to the extent a notice of transfer of Claim or Interest has been filed with the Court prior to the record date pursuant to Bankruptcy Rule 3001.  For purposes of Distributions on account of Equity Interests, the Liquidating Trustee will rely on the relevant stock transfer ledger(s).

8.6.2     Delivery of Distributions to Holders of Allowed Claims.  Subject to Bankruptcy Rule 9010, Distributions to holders of Allowed Claims will be made at the address of each such holder as set forth on the proofs of claim filed by such holders, or at the last known address of such holder if no proof of claim is filed, unless the holder of the Allowed Claim has otherwise notified the Liquidating Trustee in writing of a change of address.  If any holder's Distribution is returned as undeliverable, it will be treated in accordance with Article 8.6.4 herein.  The Liquidating Trustee may, but shall not be required to make any Distribution of less than $25.00.

8.6.3     Delivery of Distributions to Holders of Allowed Equity Interests.  Distributions to holders of Allowed Equity Interests, to the extent they are entitled to distributions under the Plan, will be made at the address of the registered holder of each such Equity Interest as set forth in the relevant stock transfer ledger(s).  If any holder's distribution is returned as undeliverable, no further distributions to such holder will be

made unless and until the Liquidating Trustee is notified in writing of such holder's then current address.

8.6.4    Unclaimed Distributions.  The Liquidating Trustee shall file a Notice of Distribution within ten Business Days of the date on which Distributions are made under the Plan.  All claims for undeliverable Distributions must be made no later than the 60th day following the date that the Notice of Distribution is filed.  After such date, all unclaimed Distributions will revert to the Liquidating Trust for distribution in accordance with this Plan and the remaining Claim or Equity Interest of any holder with respect to such Distribution will be discharged and forever barred.

8.6.5    Uncashed Checks.  Checks issued in respect of Allowed Claims and/or Equity Interests will be null and void if not negotiated within ninety (90) days after the date of issuance thereof.  Distributions with respect to such un-negotiated checks will revert to the Liquidating Trust for distribution in accordance with this Plan and the remaining Claim or Equity Interest of any holder with respect to such Distribution will be discharged and forever barred.

## ARTICLE 9
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

9.1    Rejection of Executory Contracts and Unexpired Leases.  All executory contracts and unexpired leases that are not assumed and assigned to Foundation pursuant to the Foundation Purchase Agreement are rejected, unless otherwise dealt with by the Plan or the Confirmation Order, or any other Order of the Court entered prior to the Effective Date, or which is the subject of a motion to assume pending on the Effective Date.

9.2    Claims Based on Rejection of Executory Contracts or Unexpired Leases.  Damages arising from the rejection of an executory contract or unexpired lease shall be a General Unsecured Claim against the Debtor that is a party to the rejected executor contract or unexpired leases unless subordinated under applicable law.  Any Claim for damages arising from the rejection of an executory contract or unexpired lease must be asserted in a proof of claim filed with the Bankruptcy Court no later than 20 days following the earlier of: (a) the date of entry of an order of the Bankruptcy Court approving such rejection, or (b) the Effective Date of the Plan.  Any Claims not filed within such times shall be forever barred from assertion against the Debtors, the Liquidating Trust or the Liquidating Trustee.  The Liquidating Trustee shall mail a notice to all known affected parties of (i) the Debtors' rejection of executory contracts and unexpired leases and (i) the deadline for asserting claims for damages arising from the rejection of such executory contracts and unexpired leases.

## ARTICLE 10
## EFFECT OF REJECTION BY ONE OR MORE CLASSES OF CLAIMS

10.1    Impaired Classes to Vote.  Each impaired class of Claims and Interests shall be entitled to vote separately to accept or reject the Plan.  A holder of a Disputed Claim which has not been temporarily allowed for purposes of voting on the Plan may vote only such Disputed Claim in an amount equal to the portion, if any, of such Claim or Equity Interest shown as fixed,

liquidated and undisputed in the Debtors' Schedules and is not the subject of a subsequently filed objection as to such fixed, liquidated, undisputed amount.

10.2   <u>Acceptance by Class</u>.   A class shall have accepted the Plan if the Plan is accepted by at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Allowed Claims or Equity Interests of such class that have voted to accept or reject the Plan.

10.3   <u>Reservation of Cramdown Rights</u>.   In the event that any impaired class shall fail to accept this Plan in accordance with § 1129(a) of the Bankruptcy Code, the Debtors reserve the right to request the Bankruptcy Court to confirm the Plan in accordance with the provisions of § 1129(b) of the Bankruptcy Code as to any or all of the Debtors.

**ARTICLE 11**
**<u>EFFECT OF CONFIRMATION</u>**

11.1   <u>Legally Binding Effect</u>.   The provisions of this Plan shall bind all Creditors and Interest Holders, whether or not they accept this Plan.   On and after the Effective Date, all holders of Claims shall be precluded and forever enjoined from asserting any (i) Claim against the Debtors, the Liquidating Trust or their assets or properties based on any transaction or other activity of any kind that occurred prior to the Confirmation Date except as permitted under the Plan; and (ii) derivative claims, including claims against third parties asserting alter ego claims, fraudulent transfer claims, guaranty claims or any type of successor liability based on acts or omissions of the Debtors.

11.2   <u>Limited Discharge of Debtors and Injunction</u>.   The entry of the Confirmation Order will operate as a general resolution with prejudice, as of the Effective Date, of all pending Legal Proceedings, if any, against the Debtors and their assets and properties and any proceedings not yet instituted against the Debtors or their assets and properties, except as otherwise provided in the Plan.   Except as otherwise expressly provided in the Plan or the Confirmation Order, all Persons who have held, may have held, hold, or may hold Claims against the Debtors are permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtors or their property, the Liquidating Trust or the Liquidating Trustee, with respect to any such Claim, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order with respect to any such Claim against the Debtors or their property, or the Liquidating Trust or the Liquidating Trustee, (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtors or their property, or the Liquidating Trust or the Liquidating Trustee, with respect to such Claim, (d) asserting any right of subrogation of any kind against any obligation due to the Debtors or the property of the Debtors or the Estates with respect to any such Claim and (e) asserting any right of setoff or recoupment against the Debtors or the Estates except as specifically permitted by § 553 of the Bankruptcy Code.   Unless otherwise provided in the Plan or by order of the Bankruptcy Court, all injunctions or automatic stays provided for in these cases pursuant to § 105, if any, or § 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date will remain in full force and effect until the Effective Date.

11.3    Complete Discharge of University General Hospital, LP.   In addition to the foregoing section and pursuant to § 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or the Confirmation Order, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of all Claims, Liabilities, Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, University General Hospital, LP or its assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtors prior to the Effective Date and that arise from a termination of employment or a termination of any employee or retiree benefit program, regardless of whether such termination occurred prior to or after the Effective Date, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in §§ 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each Chapter 11 Case whether or not:  (a) a Proof of Claim or Interest based upon such debt, right, Claim, or Interest is Filed or deemed Filed pursuant to § 501 of the Bankruptcy Code; (b) a Claim or Interest based upon such Claim, debt, right, or Interest is Allowed pursuant to § 502 of the Bankruptcy Code; or (c) the Holder of such a Claim or Interest has accepted the Plan.  Subject to the terms of the Plan and the Confirmation Order, any default by the Debtors with respect to any Claim or Interest that existed immediately prior to or on account of the Filing of the Chapter 11 Cases shall be deemed satisfied on the Effective Date.  Subject to the terms of the Plan, the Confirmation Order shall be a judicial determination of discharge of all liabilities of University General Hospital, LP and all successors thereto.  As provided in § 524 of the Bankruptcy Code, subject to the terms of the Plan, such discharge shall void any judgment against University General Hospital, LP or any successors thereto at any time obtained to the extent it relates to a Claim or Interest discharged, and operates as an injunction against the prosecution of any action against the University General Hospital, LP or its property and assets to the extent it relates to a discharged Claim or Interest.

11.4    Limited Protection of Certain Parties in Interest.   Neither (a) the Debtors, the Liquidating Trustee, Foundation or any of their respective employees, officers, directors, agents, representatives, affiliates, attorneys, financial advisors, or any other professional persons employed by any the Debtors, the Liquidating Trustee or Foundation, nor (b) each Professional for the Debtors or any of their employees, officers, directors, agents, representatives, affiliates, attorneys, financial advisors, or any other professional persons employed by any of them, nor (c) the Committee and each of its members or any of their employees, officers, directors, agents, representatives, affiliates, attorneys, financial advisors, or any other professional persons employed by any of them, nor (d) the Post-Confirmation Committee and each of its members or any of their employees, officers, directors, agents, representatives, affiliates, attorneys, financial advisors, or any other professional persons employed by any of them (the persons identified in (a), (b), (c) and (d) are collectively referred to as "Protected Persons"), shall have or incur any liability to any Person or Entity under any theory of liability for any act or omission occurring on or after the Petition Date in connection with or related to the Debtors, the Chapter 11 Cases, or the Estates, including, but not limited to, (i) formulating, preparing disseminating, implementing, confirming, consummating or administering this Plan (including soliciting acceptances or

rejections thereof); or (ii) the Disclosure Statement or any contract, instrument, release or other agreement or document entered into or any action taken or omitted to be taken in connection with this Plan, except for acts constituting willful misconduct, gross negligence, or *ultra vires* activity and in all respects such Protected Persons shall be entitled to rely in good faith upon the advice of counsel.  In any action, suit or Legal Proceeding by any Person contesting any action by, or non-action of any Protected Person as constituting willful misconduct, gross negligence, or *ultra vires* activity or not being in good faith, the reasonable attorneys' fees and costs of the prevailing party will be paid by the losing party and as a condition to going forward with such action, suit, or Legal Proceeding at the outset thereof, all parties thereto will be required to provide appropriate proof and assurances of their capacity to make such payments of reasonable attorneys' fees and costs in the event they fail to prevail.

11.5    <u>Indemnification</u>.  The Liquidating Trust shall indemnify each Person identified as a Protected Person against any and all costs and expenses (including attorneys' fees) incurred by any of them in defending against post-Confirmation Date claims that are based on actions allegedly taken (or not taken) by them in their respective capacities relating to the Debtors, the Liquidating Trust or this Plan; provided, however, that no Protected Person shall be entitled to indemnification under this Plan for the costs and expenses of defending a cause of action in which it is ultimately judicially determined that such Protected Person was grossly negligent or acted fraudulently or with willful misconduct in performing such Protected Person's duties hereunder or under any Final Order of the Bankruptcy Court or applicable law, or *ultra vires* activity.  Any Protected Person entitled to indemnification under this section shall have a priority distribution right that is senior to the holders of Allowed General Unsecured Claims against the Liquidating Trust.  The Liquidating Trustee may use the Liquidating Trust's Assets (as an expense of consummating this Plan) to purchase indemnification insurance to satisfy any potential indemnification claims that may arise under this section.

11.6    <u>Continuation of Anti-Discrimination Provisions of Bankruptcy Code</u>.  A Governmental Unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, or discriminate with respect to such a grant against, the Debtors, the Liquidating Trust, the Liquidating Trustee or another Person with whom the Debtors have been or are associated or affiliated, solely because of the commencement, continuation, or termination of the case or because of any provision of the Plan or the legal effect of the Plan, and the Confirmation Order will constitute an express injunction against any such discriminatory treatment by a Governmental Unit.  Moreover, a Governmental Unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to the Debtors based upon any requirement that the Debtors place a bond or other surety obligation with such governmental unit as a condition of receipt of such a license, permit, charter, franchise, or other similar grant to the Debtors.

11.7    <u>Preservation of Claims and Rights</u>.  Confirmation of this Plan effects no settlement, compromise, waiver or release of any Claim, Cause of Action, Right of Action or claim for relief unless this Plan or the Confirmation Order specifically and unambiguously so provides.  The non-disclosure or non-discussion of any particular Claim, Cause of Action, Right of Action or claim for relief is not and shall not be construed as a settlement, compromise, waiver, or release of any such Claim, Cause of Action, Right of Action or claim for relief.

The Debtors, the Liquidating Trust and the Liquidating Trustee reserve and retain any and all claims and rights against any and all third parties, whether such claims and rights arose before, on or after the Petition Date, the Confirmation Date, the Effective Date, the Record Date and/or any Distribution date, including, without limitation, any and all Causes of Action, Rights of Action and/or claims for relief that the Debtors, the Liquidating Trustee or the Liquidating Trust may have against (i) any insurer and/or insurance policies in which either the Debtors and/or their current or former personnel have an insurable or other interest in or right to make a claim against, any other of the Debtors' insurers; (ii) any recipient of a transfer identified in the Debtors' statements of financial affairs, including any amendments thereto, filed in these Chapter 11 Cases based on Causes of Action under chapter 5 of the Bankruptcy Code; or (iii) the parties set forth on the attached <u>Plan Exhibit 2</u> based on any Causes of Action, Rights of Action, Avoidance Actions or claims for relief.  The entry of the Confirmation Order shall not constitute *res judicata* or otherwise bar, estop or inhibit any actions by the Debtors, the Liquidating Trust or the Liquidating Trustee relating to any claims, Causes of Action or Rights of Action referred to in this Article 11.7, or otherwise.  Except as specifically set forth herein, the Liquidating Trustee shall constitute the representative of the Estates for purposes of retaining, asserting and/or enforcing Rights of Action under § 1123(b)(3)(B) of the Bankruptcy Code.  On the Effective Date, the Liquidating Trustee shall be substituted as a party of record in all pending litigation brought by or against the Debtors without need for further order of the Bankruptcy Court.

## ARTICLE 12
## RETENTION OF JURISDICTION

12.1   <u>Exclusive Bankruptcy Court Jurisdiction</u>.   The Court shall retain and have exclusive jurisdiction over these Chapter 11 Cases to the maximum extent provided by law for the follow purposes following the Confirmation Date:

12.1.1     To determine any and all objections to the allowance and classification of Claims or Interests;

12.1.2     To determine the validity and priority of any Lien;

12.1.3     To determine the Allowed Amount of any Claim, whether secured or unsecured;

12.1.4     To allow any and all applications for allowances of compensation and reimbursement of expenses payable from the Estates;

12.1.5     To determine any and all applications or motions pending before the Court on the Effective Date of the Plan, including without limitation any motions for the rejection, assumption or assumption and assignment of any executory contract or unexpired lease.

12.1.6    To consider and approve any modification of this Plan, remedy any defect or omission or reconcile any inconsistency in the Plan, or any order of the Court, including the Confirmation Order;

12.1.7    To hear and determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of this Plan, the Confirmation Order, any transactions or payments contemplated hereby or any agreement, instrument or other document governing or related to any of the foregoing;

12.1.8    To consider and act on the compromise and settlement of any claim or cause of action by or against the Debtors;

12.1.9    To issue orders in aid of execution and implementation of this Plan and the Confirmation Order, to the extent authorized by 11 U.S.C. § 1142 or provided by the terms of this Plan; and

12.1.10    To hear and determine matters concerning federal, state or local taxes in accordance with §§ 346, 505 or 1146 of the Bankruptcy Code

12.2    <u>Limitation on Jurisdiction</u>.   In no event shall the provisions of this Plan be deemed to confer in the Bankruptcy Court jurisdiction greater than that established by the provisions of 28 U.S.C. §§ 157 and 1334.

## ARTICLE 13
## <u>CONDITIONS TO CONFIRMATION OF PLAN</u>

13.1    <u>Conditions Precedent to Effective Date</u>.   The following are conditions precedent to the occurrence of the Effective Date:

13.1.1    The Confirmation Order, in a form and in substance reasonably satisfactory to the Debtors, shall have been entered by the Bankruptcy Court;

13.1.2    The form of all documents necessary or appropriate to give effect to the transactions contemplated under the Plan, if any, have been approved and executed;

13.1.3    The Foundation Sale shall have closed pursuant to the terms of the Foundation Purchase Agreement and Sale Order;

13.1.4    All required consents, approvals, and authorizations, if any, have been obtained;

13.1.5    There shall be no stay of the Confirmation Order in effect; and

13.1.6    All other actions, documents and agreements necessary to implement the Plan shall have been effected or executed.

13.2    <u>Annulment of Plan if Conditions Not Waived or Satisfied</u>.   The Debtors reserve the right to waive any of the conditions precedent to the Effective Date.  If any of the conditions

precedent is not waived, and is not satisfied within the specified time periods or can no longer occur, the Confirmation Order will be annulled and the Debtors and all parties in interest will return to the *status quo ante* immediately before the entry of the Confirmation Order.

## ARTICLE 14
## NOTICE PROVISIONS

14.1    Notices.  All notices, requests, elections or demands in connection with this Plan, including any change of address of any Creditor or Interest Holder for the purposes of receiving Distributions under this Plan and to avoid forfeiting the same pursuant to Article 8 of this Plan, shall be in writing and shall be delivered personally, by facsimile, overnight courier or first class mail.  Such notice shall be deemed to have been given when received or, if mailed by first class mail, 5 Business Days after the date of mailing, or if by overnight courier, the next Business Day following the date of mailing.  Notices required to be sent to the following parties under this Plan shall be addressed to:

*To the Liquidating Trust/Liquidating Trustee:*

*To the Debtors:*

Joshua W. Wolfshohl
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas  77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6295

*To the Committee:*

Elizabeth M. Guffy
Locke Lord LLP
2800 JPMorgan Chase Tower
600 Travis
Houston, Texas  77002
Telephone: (713) 226-1328
Facsimile: (713) 226-2647

14.2    Limitation on Notice.  The Debtors/Liquidating Trustee shall give the following notice with regard to the following matters, which notice shall be deemed to be good and sufficient notice of such matters with no requirement for any additional or further notice:

14.2.1    Notice of Entry of Effective Date.  Notice of the Effective Date shall be sufficient if mailed to all known holders of Claims and Equity Interests (which have

not become Disallowed as of the date of mailing). Such notice shall be mailed within 5 Business Days of the Effective Date. In addition, notice of the entry of the Effective Date shall be published in the Houston Chronicle, which such publication shall constitute constructive notice of the Effective Date.

14.2.2   <u>Post Confirmation Date Service</u>. From and after the date the Confirmation Order becomes a Final Order, notices of appearances and demands for service of process filed with the Court prior to such date shall no longer be effective. No further notices (other than notice of entry of the Confirmation Order) shall be required to be sent to any entities or Persons, except those Persons specified in Article 14.1 of this Plan, the Post-Confirmation Committee, the Office of the U.S. Trustee and any Creditor or Interest Holder who files a renewed request for service of pleadings and whose Claim has not been fully satisfied.

14.3   <u>General Notice To Creditors</u>. All notices and requests to Creditors or Interest Holders of any Class shall be sent to them at the addresses set forth on the proofs of claim or, if no proof of claim was filed, to their last known address as reflected in the Debtors' records. Any Creditor or Interest Holder may designate in writing any other address for purposes of this Article, which designation shall be effective upon receipt by the Liquidating Trustee.

## ARTICLE 15
## <u>COMPROMISES AND SETTLEMENTS</u>

15.1   <u>Effect of Confirmation Order</u>. Pursuant to § 363 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, distribution and other benefits provided under the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims, Interests and controversies resolved pursuant to the Plan, including, without limitation, all Claims arising prior to the Effective Date, whether known or unknown, foreseen or unforeseen, asserted or unasserted, arising out of, relating to or in connection with the business or affairs of, or transactions with, the Debtors. The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of each of the foregoing compromises or settlements, and all other compromises and settlements provided for in the Plan, and the Bankruptcy Court's findings shall constitute its determination that such compromises and settlements are in the best interests of the Debtors, the Estates, Creditors and other parties in interest, and are fair, equitable and within the range of reasonableness.

## ARTICLE 16
## <u>MISCELLANEOUS PROVISIONS</u>

16.1   <u>Bar Date for Administrative Claims</u>. No Administrative Claim, other than Professional Fees and United States Trustee fees, will be paid unless the holder of such Administrative Claim has filed an application for payment of such Administrative Claim on or before the Administrative Claim Bar Date. Upon the filing of any application for payment, the entity seeking payment of an Administrative Claim shall provide notice by United States Mail in accordance with the Bankruptcy Rules. Any Administrative Claim, other than Professional Fees and United States Trustee fees, not filed in accordance with this section shall be barred and the

Debtors, the Liquidating Trust and the Liquidating Trustee shall have no liability for payment of any such Administrative Claim.

16.2     Objections to Administrative Claims.  Objections to Applications for payment of Administrative Claims may be filed by any party in interest.  In order to be considered, such objections must be filed on or before the 21st day following the date on which the application was filed.  Any objections will be determined by the Bankruptcy Court.

16.3     Payment of Professional Fees.  Each holder of a Professional Fee Claim shall be paid in respect of such Professional Fee Claim in Cash, in full, on the Effective Date, or, if such Claim has not been approved by the Bankruptcy Court on or before the Effective Date, promptly after Bankruptcy Court approval of the Professional Fee Claim by a Final Order.  Final fee applications for any Professional Fee Claim that has not been approved as of the Effective Date shall be filed within forty-five (45) days of the Effective Date and such applications and objections thereto (if any) shall be filed in accordance with and comply in all respects with the Bankruptcy Code, the Bankruptcy Rules, applicable local rules, and the Fee Procedures Order. The failure to file an application by the foregoing deadline shall constitute a waiver of all such Professional Fee Claim.

16.4     Payment of United States Trustee Fees.  Within thirty (30) days of the date that such payments are due, the Liquidating Trustee shall pay all amounts owing to the United States Trustee as fees and costs imposed in connection with these Chapter 11 Cases.

16.5     No Substantive Consolidation.  The Plan is a joint plan but does not provide for substantive consolidation of the Debtors or their Estates. On the Effective Date, the Estates shall not be deemed to be substantively consolidated for any purpose. Except as specifically set forth herein, nothing in this Plan, the Disclosure Statement or otherwise shall constitute or be deemed to constitute an admission that any one of the Debtors is subject to or liable for any Claim against any other Debtor.  Creditors holding Claims against multiple Debtors, to the extent Allowed in each Debtor's Chapter 11 Case, will be treated as holding a separate Claim against each Debtor, provided, however, that no holder of an Allowed Claim shall be entitled to receive more than payment in full of such Allowed Claim (plus post-petition interest, if and to the extent provided in this Plan), and such Claims will be administered and treated in the manner provided in this Plan.

16.6     Employee Benefit Plans.   Unless terminated earlier under the terms of the Foundation Purchase Agreement, prior to thirty (30) days after to the Effective Date, all Employee Benefit Plans shall be terminated in accordance with the applicable provisions of the state and federal law.

16.7     Directive to State Agencies.  At such time as any of the Debtors or Liquidating Trustee file articles of dissolution, all governmental agencies are directed to accept such articles and recognize the dissolution of the Debtors regardless of whether all Claims, including taxes have been paid in full.  For purposes of dissolution, the transfer of the Net Sales Proceeds and Other Property to the Liquidating Trust under the Plan constitutes satisfaction in full of all outstanding liabilities.

16.8    Satisfaction of Liabilities.  The rights afforded in the Plan and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction and release of all Claims and Interests of any nature whatsoever against the Debtors or any of their Estates, assets, properties, or interests in property.

16.9    Warranty of Transfers from Liquidating Trust.  **All property to be transferred by the Liquidating Trustee on behalf of the Liquidating Trust to any person or entity under this Plan, is transferred "as is, where is," with no representation or warranty of any kind except that all transfers shall be transferred free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363(f) and 11 U.S.C. § 1123(a)(5).**

16.10    Compliance with Tax Requirements.  In connection with each distribution with respect to which the filing of an information return (such as an Internal Revenue Service Form 1099 or 1042) or withholding is required, the Liquidating Trustee shall file such information return with the Internal Revenue Service and provide any required statements in connection therewith to the recipients of such distribution or effect any such withholding and deposit all moneys so withheld as required by law.  With respect to any Person from whom a tax identification number, certified tax identification number or other tax information required by law to avoid withholding has not been received by the Liquidating Trustee within thirty (30) days from the date of such request, the Liquidating Trustee may, at its option, withhold the amount required and distribute the balance to such Person or decline to make such distribution until the information is received.

16.11    Amendment of the Plan.  This Plan may be amended or modified by the Debtors before, or by the Liquidating Trustee after the Effective Date, as provided in § 1127 of the Bankruptcy Code.

16.12    Timing of Distributions.  Unless otherwise specified herein, all payments and Distributions shall be made on a Payment Date determined by the Liquidating Trustee after consultation with the Post-Confirmation Committee.  When a provision of this Plan requires that a payment shall be made on a certain date, such payment may be made (i) at any time prior to the date on which such payment is due; (ii) in more frequent intervals than set forth in such provision of the Plan; or (iii) not more than 14 days after the date any such payment is due. Notwithstanding the foregoing, no payment shall be considered late or otherwise result in a default unless the Liquidating Trustee has failed to make the payment after the passage of 30 days following the receipt by the Liquidating Trustee of a written notice advising that a payment has not been received in accordance with the times set forth in this paragraph.

16.13    Enforcement of Subordination Agreements/Settlement Agreements.  Any written (i) subordination agreement between holders of Allowed Claims; and (ii) settlements approved by the Bankruptcy Court during these Chapter 11 Cases will be honored according to their terms for the purposes of distribution under this Plan.

16.14    Filing of Documents in Public Records.  Pursuant to § 1146 of the Bankruptcy Code, the issuance, transfer or exchange of a security or the making of an instrument of transfer under this Plan (including without limitation the filing of any mortgage, deed of trust, security agreement, uniform commercial code financing statement or other similar document) shall not be

taxed under any law imposing a stamp tax or similar tax. All state or local governmental officials or agents are hereby directed to forego the collection of any such tax or governmental assessment and to accept for Filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

16.15   <u>Right to Seek Further Orders</u>.  The Debtors and the Liquidating Trustee, if and to the extent necessary, will seek such orders, judgments, injunctions, regulatory approvals, and rulings that may be required to carry out and further the intentions and purposes, and give full effect to the provisions, of the Plan.

16.16   <u>Intercompany Claims</u>.  All Intercompany Claims, if any, are waived, released and extinguished as of the Effective Date and shall receive no distributions under the Plan.

16.17   <u>Regulatory Approvals</u>.  As the Plan is not intended to modify or supplant any regulatory authority over the Debtors or the Liquidating Trust, all regulatory approvals required in connection with the Plan will be sought and obtained.

16.18   <u>Withdrawal of Plan</u>.  Upon termination of the Foundation Purchase Agreement in accordance with its terms and satisfaction of the Debtors' obligations thereunder, if any, the Debtors reserve the right to withdraw this Plan at any time prior to the Confirmation Date.  If the Debtors withdraw this Plan prior to the Confirmation Date, or if the Confirmation Date or the Effective Date does not occur, then this Plan shall be deemed null and void.  In such event, nothing contained herein shall be deemed to constitute an admission, waiver or release of any Claims by or against the Debtors, the Estates or any other person, or to prejudice in any manner the rights of the Debtors, the Estates or any person in any further Legal Proceedings involving the Debtors.

16.19   <u>Due Authorization by Creditors</u>.   Each and every Creditor who elects to participate in the Distributions provided for herein (i) warrants that it is authorized to accept in consideration of its Claim against the Debtors the Distributions provided for in this Plan; (ii) states that there are no outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by it under this Plan; and (iii) indemnifies and holds harmless the Liquidating Trust, the Post-Confirmation Committee, the Liquidating Trustee and their professionals and representatives with respect to such Distributions.

16.20   <u>Filing of Additional Documentation</u>.  On or before the Effective Date, the Debtors may file with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

16.21   <u>Implementation</u>.  The Debtors, the Liquidating Trust and the Liquidating Trustee shall be authorized to perform all reasonable, necessary and authorized acts to consummate the terms and conditions of the Plan.

16.22   <u>Substantial Consummation</u>.  On the Effective Date, the Plan shall be deemed to be substantially consummated under Bankruptcy Code §§ 1101 and 1127(b).

16.23    Further Effect of Confirmation.  Confirmation of this Plan effects no settlement, compromise, waiver or release of any Claim or cause of action unless this Plan or the Confirmation Order specifically so provides.  The non-disclosure or non-discussion of any particular Claim or cause of action is not and shall not be construed as a settlement, compromise, waiver, or release of any such Claim or cause of action.

16.24    Reservation of Claims.  The Debtors, the Liquidating Trust and the Liquidating Trustee reserve any and all claims and rights against any and all third parties, whether such claims and rights arose before, on or after the Petition Date, the Confirmation Date, the Effective Date, the Record Date and/or any Distribution Date, including, without limitation, any and all Claims and Causes of Action for relief that the Debtors, the Liquidating Trust or the Liquidating Trustee may have against any director, officer, any insurer under any insurance policy, or any other person or entity.  The entry of the Confirmation Order shall not constitute *res judicata* or otherwise bar, estop or inhibit any actions by the Debtors, the Liquidating Trust or the Liquidating Trustee relating to any Claims or Causes of Action.  The Liquidating Trustee shall constitute the representative of the Liquidating Trust for purposes of asserting and/or enforcing Claims and Causes of Action under § 1123(b)(3)(B) of the Bankruptcy Code.

16.25    Dates.  The provisions of Bankruptcy Rule 9006 shall govern the calculation of any dates or deadlines referenced in the Plan.

16.26    Governing Law.  Except to the extent that the Bankruptcy Code or Bankruptcy Rules are applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Texas, without giving effect to any conflicts of law principles.

16.27    Conflict.  Except as otherwise provided in the Plan, to the extent the Confirmation Order and/or this Plan are inconsistent with the Disclosure Statement, any other agreement entered into between the Debtors and any third party, the Plan controls the Disclosure Statement and any such agreements and the Confirmation Order (and any other orders of the Bankruptcy Court) controls the Plan.  To the extent that the Plan or the Confirmation Order conflicts with the Liquidating Trust Agreement, first, the Plan shall control the Liquidating Trustee Agreement and the Confirmation Order shall control the Plan.   To the extent the Foundation Purchase Agreement is inconsistent with the Disclosure Statement or any other agreement entered into between the Debtors and any third party, the Foundation Purchase Agreement shall control.

16.28    Severability.   The provisions of this Plan shall not be severable unless such severance is agreed to by the Debtors and such severance would constitute a permissible modification of this Plan pursuant to § 1127 of the Bankruptcy Code.

16.29    Setoffs.  The Liquidating Trustee may, but shall not be required to, set off against any Claims and the payments or Distributions to be made pursuant to the Plan in respect of such Claims, any and all debts, liabilities and claims of every type and nature whatsoever that the Estates or the Liquidating Trust may have against the Holder of any Claim, but neither the failure to do so nor the Allowance of any such Claims, whether pursuant to the Plan or otherwise, shall constitute a waiver or release by the Liquidating Trustee or the Liquidating Trust of any such

claims they may have against such Holder of any Claim, and all such claims shall be reserved for and retained by the Liquidating Trustee.

      16.30 <u>Further Action</u>.    Nothing contained in the Plan shall prevent Debtors, the Liquidating Trust or the Liquidating Trustee from taking such actions as may be necessary to consummate the Plan, even though such actions may not specifically be provided for within the Plan.

_____

*Remainder of Page is Intentionally Left Blank*

**Date: December 3, 2015.**

**DEBTORS:**

**UNIVERSITY GENERAL HEALTH SYSTEM, INC.**

By: _____
Name: Hassan Chahadeh, MD
Title:   President and CEO

**UGHS AUTIMIS BILLING, INC.**

By: _____
Name: Hassan Chahadeh, MD
Title:   President and CEO

**UGHS AUTIMIS CODING, INC.**

By: _____
Name: Hassan Chahadeh, MD
Title:   President and CEO

**UGHS ER SERVICES, INC.**

By: _____
Name: Hassan Chahadeh, MD
Title:   President and CEO

**UGHS HOSPITALS, INC.**

By: _____
Name: Hassan Chahadeh, MD
Title:   President and CEO

**UGHS MANAGEMENT SERVICES, INC.**

By: _____
Name: Hassan Chahadeh, MD
Title:   President and CEO

**UGHS SUPPORT SERVICES, INC.**

By: _____
Name: Hassan Chahadeh, MD
Title:   President and CEO

**UNIVERSITY HOSPITAL SYSTEMS, LLP**

By: _____
Name: Hassan Chahadeh, MD
Title:   President and CEO

**UNIVERSITY GENERAL HOSPITAL, LP**

By: University Hospital Systems, LLP, its general
        partner

By: _____
Name: Hassan Chahadeh, MD
Title:   President and CEO