IN THE UNITED STATE BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 4:15-31086 |
| | § | |
| UNIVERSITY GENERAL HEALTH | § | CHAPTER 11 |
| SYSTEM, INC., et al. | § | |
| | § | JOINTLY ADMINISTERED |
| DEBTORS[1] | § | |

**MOTION FOR PAYMENT OF POST-PETITION ADMINISTRATIVE EXPENSE
OWED TO COMMUNITY PATHOLOGY P.L.L.C.**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

THIS MOTION HAS BEEN SET FOR HEARING ON JANUARY 11, 2016 AT 1:00PM.

TO THE HONORABLE LETITIA Z. PAUL,
UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: University General Health System, Inc. (2436), UGHS Autimis Billing, Inc. (3352), UGHS Autimis Coding, Inc. (3425), UGHS ER Services, Inc. (6646), UGHS Hospitals, Inc. (3583), UGHS Management Services, Inc. (4100), UGHS Support Services, Inc. (3511), University General Hospital, LP (7964), and University Hospital Systems, LLP (3778).

Community Pathology, P.L.L.C. (Community Pathology) hereby requests an Order granting allowance and payment of an administrative expense claim for outstanding fees invoiced for pathology services provided by Community Pathology to the Debtors, University General Health System, Inc., UGHS Autimis Billing, Inc., UGHS Autimis Coding, Inc., UGHS ER Services, Inc., UGHS Hospitals, Inc., UGHS Management Services, Inc., UGHS Support Services, Inc., University General Hospital, LP, and University Hospital Systems, LLP (collectively, the "Debtors").  This claim is made pursuant to 11 U.S.C. §503(b)(1)(A), and in support thereof, Community Pathology respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. §157. Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory predicate for the relief requested is section 503(b)(1)(A) of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

3. On February 27, 2015 (the "Petition Date"), Debtors filed a petition for relief pursuant to Chapter 11 of the Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").  Among the other Debtors in this jointly administered case is University General Hospital, L.P. (UGH LP).  UGH LP entered several agreements with Community Pathology as part of normal business operations, two of which are the subject of this Application and more fully described below.

4. <u>Histology Agreement:</u> Prior to the Petition Date, Community Pathology and UGH LP entered the Histology Processing and Transcription Agreement ("Histology Agreement"), with

an effective date of September 1, 2006.  The purpose of the Histology Agreement was to provide for quality pathology services at Debtors' main hospital campus at 7501 Fannin Street, Houston, Texas at a reasonable cost to its patients, to promote efficient hospital operations, and to meet legal obligations related to the stabilization and treatment of patients. Under the Histology Agreement, Community Pathology provided, and continues to provide, specialist physician services and full-service clinical and administrative services to Debtors and their patients at the hospital. Specifically, Community Pathology provides clinical and histology transcription services for the benefit of Debtors' patients at the hospital.[2] Community Pathology bills these patients (or payors under managed care contracts) directly for the services provided, except in cases of Medicare, Medicaid and other government-funded inpatient participants.  For that group (Medicare, Medicaid, etc.), Community Pathology bills UGH LP on a monthly basis, who in turn submits billing on behalf of the patient to the applicable government entity for payment.  The Histology Agreement was extended on two occasions, with a current expiration date of January 31, 2017. The Histology Agreement and its Addendums are attached as **Exhibit 1** and are collectively referred to as the Histology Agreement.

5.     UGH LP did not pay Community Pathology in full for the services provided by Community Pathology on behalf of the Medicare, Medicaid, and Tricare patients under the Histology Agreement.  As reflected in the Histology Agreement, UGH LP owed significant amounts at the time of the Petition.  And UGH LP continued to fail to meets its payment obligations to Community Pathology post-Petition.  Invoices for the time period of March 2015-September 2015 have been presented to UGH LP, for a total amount of $68,981.55 due and owing post-Petition Date.  No payments have been made on this account since the Petition Date,

---

[2] Histology is the science concerned with the minute structure of tissues and organs in relation to their function. Histology typically involves examination of a thin slice of tissue under a light microscope.

leaving the balance of $68,981.55 to be paid as an administrative expense to Community Pathology. A summary of the March 2015-September 2015 invoices and the redacted invoices are attached as **Exhibit 2**.[3]

6.  PSA: Community Pathology and UGH, LP also entered a Professional Services Agreement ("PSA"), effective on August 1, 2011. Under the PSA, Community Pathology was retained to provide pathology services at Debtor's main hospital campus at 7501 Fannin Street, Houston, Texas for a term of five (5) years. The PSA further provides for a Medical Director of Services, provided by Community Pathology, who is to provide oversight and administration of the clinical pathology services performed. While the PSA generally provides for UGH LP and Community Pathology to independently bill patients and each collect the charges due to them, with respect to services provided on behalf of Medicare/Medicaid patients, the parties agreed to a Medical Director Fee ("Fee") of $2,500 per month to be paid by UGH LP to Community Pathology. This Fee specifically covers the oversight and administration of the clinical pathology services performed by the hospital laboratory on behalf of the Medicare/Medicaid patients. The Fee is to be paid monthly and is due within thirty (30) days of the prior month's admissions. The PSA is filed under seal as **Exhibit 3**.

7.  UGH LP has failed to pay in full for the Medical Director services provided by Community Pathology. UGH LP was past-due on its payments prior to the Petition Date and has continued to fail to meet its post-Petition obligations. Post-Petition invoices for March 2015-November 2015 have been presented to UGH LP, for a total amount of $22,500 invoiced since the Petition Date. UGH LP paid only $7,500 on this account, leaving a balance of $15,000

---

[3] Redactions were made for Protected Health Information (PHI).

payable as an administrative expense to Community Pathology.  These invoices are attached as **Exhibit 4**.

8. Debtors agree that UGH LP is in default of its post-Petition obligations under the PSA and General Histology Agreements. UGH LP does not dispute the total amounts currently due, of $68,981.55 and $15,000.00, for a total of $83,981.55. UGH LP agrees these amounts should be paid as an administrative expense claim to Community Pathology.

9. Community Pathology and UGH LP agree that UGH LP will satisfy these administrative expense claims within five (5) days of an order being entered granting this application, whichever occurs later.

## RELIEF REQUESTED AND ANALYSIS

10. As a result of the PSA and Histology Agreement and Community Pathology's continued provision of pathology services post-Petition according to these agreements, Debtors continued to provide clinical pathology services to patients at its main hospital campus during the pendency of the Chapter 11 proceeding in this Court.  In other words, the hospital operated without any interruption in the pathology services that would have otherwise been furnished to its patients or medical staff by virtue of its agreements with Community Pathology.

11. By this Application, Community Pathology and UGH LP request the entry of an Order approving the parties agreement to pay Community Pathology's administrative expense claim pursuant to section 503(b)(1) of the Bankruptcy Code for the services it provided under the PSA and General Histology agreements (the "Administrative Expense").

12. Section 503(b)(1)(A) of the Bankruptcy Code provides, in pertinent part:

> After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—

> (1) (A) the actual, necessary costs and expenses of preserving the estate including—
>
> (i) wages, salaries, and commissions for services rendered after the commencement of the case; and

\* \* \*

14. To qualify as an "actual and necessary cost" under § 503(b)(1)(A) of the Bankruptcy Code, a claim against the estate "must have arisen post-petition and as a result of actions taken by the trustee that benefitted the estate." *In re Home Interiors & Gifts, Inc.*, No. 08-31961-11-BJH, 2008 WL 4772102, at \*4 (Bankr. N.D. Tex. Oct. 9, 2008). "A prima facie case [entitling the creditor to payment] under § 503(b)(1) may be established by evidence that (1) the claim arises from a transaction with the debtor-in-possession; and (2) the goods or services supplied enhanced the ability of the debtor-in-possession's business to function as a going concern." *Toma Steel Supply, Inc. v. TransAmerican Natural Gas Corp. (In re TransAmerican Natural Gas Corp.)*, 978 F.2d 1409, 1416 (5th Cir. 1992). It is undisputed that the administrative expenses sought here arise from post-petition transactions between Community Pathology and Debtors. A claimant's performance of a pre-petition contract and the debtor's acceptance of that performance establishes a post-petition transaction. *See, e.g., In re Goody's Family Clothing, Inc.,* 401 B.R. 656, 671 (D. Del. 2009) (citing *In re White Motor Corp.,* 831 F.2d 106, 110 (6th Cir. 1987)). As indicated above, Community Pathology's services enhanced the Debtors' ability to function as a going concern by ensuring the continued provision of clinical pathology services for patients cared for at its main hospital campus.

15. Community Pathology's post-petition Services under the PSA and General Histology Agreements constitute "actual and necessary costs" of the estate and, therefore, are entitled to priority before other, unsecured nonpriority claims. *See* § 507(a)(1); *Total Minatome Corp. v. Jack/Wade Drilling, Inc.* (*In re Jack/Wade Drilling, Inc.*), 258 F.3d 385, 387 (5th Cir. 2001).

16.     Community Pathology and Debtors agree that the invoice amounts evidence the reasonable value of the services provided under the agreements.

**WHEREFORE,** Community Pathology, P.L.L.C. requests entry of an Order: (i) allowing it an Administrative Expense Claim in the total amount of $83,981.55 pursuant to section 503(b)(1) of the Bankruptcy Code; (ii) directing the Debtors to pay Community Pathology, P.L.L.C.'s Administrative Expense Claim within five (5) days of the Court's order granting this application, and prior to any distribution or payment by the Debtors to holders of claims that are junior in priority to the Administrative Expense pursuant to section 507 of the Bankruptcy Code; and (iii) such other and further relief as is just and equitable.

**DATED:** December 17, 2015

    Respectfully submitted,

    **FERNELIUS ALVAREZ SIMON PLLC**

    By /s/  *Graig J. Alvarez*

    Graig J. Alvarez
    Attorney-in-Charge
    State Bar No. 24001647
    Federal I.D. No. 22596
    1221 McKinney, Suite 3200
    Houston, Texas 77010-3095
    Email:  galvarez@fa-lawfirm.com
    Kara Stauffer Philbin
    State Bar No. 24056373
    Federal I.D. No. 685342
    Email:  kphilbin@fa-lawfirm.com
    Telephone: 713-654-1200
    Telecopier: 713-654-4039

    ATTORNEYS FOR
    Baylor College of Medicine,
    Baylor Pathology Consultants, and
    Community Pathology, P.L.L.C.

**CERTIFICATE OF SERVICE**

      I hereby certify that all attorneys of record who have consented to electronic service are being served this 17th day of December, 2015, with a true and correct copy of this document via the Court's CM/ECF system, and that this motion was otherwise served by ECF or first-class United State mail.

                                                  /s/ *Kara Stauffer Philbin*
                                                    Kara Stauffer Philbin

180048