

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| UNIVERSITY GENERAL HOSPITAL SYSTEM, INC., ET AL., | ) CASE NO. 15-31086-H3-11 |
| | ) |
| Debtors,[1] | ) Jointly Administered |
| | ) |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion for an Order Enforcing the Chapter 11 Injunction" (Docket No. 931) filed by Dr. Hassan Chahadeh, Edward T. Laborde, Jr. and Donald W. Sapaugh ("Movants"). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

University General Hospital System, Inc., ("UGH") and eight other related entities ("Debtors") filed voluntary

---

[1]The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: University General Health System, Inc. (2346), UGHS Autimis Billing, Inc. (3352), UGHS Autimis Coding, Inc. (3425), UGHS ER Services, Inc. (6646), UGHS Hospitals, Inc. (3583), UGHS Management Services, Inc. (4100), UGHS Support Services, Inc. (3511), University General Hospital, LP (7964), and University Hospital Systems, LLP (3778).

petitions under Chapter 11 of the Bankruptcy Code on February 27, 2015.  The cases are jointly administered.

On December 30, 2014, approximately two months prior to the filing of the petition in the instant case, Glasir Medical, LLP ("Glasir") filed suit in state court against, <u>inter alia</u>, Debtors UGH, University General Hospital, LP, ("Hospital") University Hospital Systems, LLC ("Systems"), and Movants.  In its original petition, Glasir sued on its account, in the amount of $120,245.  An attachment to the original petition identifies eleven invoices, with dates ranging between August 13, 2014 and November 19, 2014, and due dates ranging between September 12, 2014 and December 19, 2014.  (Movants' Exhibit 5).

The state court severed Glasir's claims against Debtors from those against Movants, and on February 18, 2015, signed a default judgment against UGH, Hospital, and Systems, jointly and severally.  On March 14, 2015, Glasir filed a proof of claim against UGH, Hospital, and Systems, based on the default judgment, in the amount of $128,265.11.  (Movants' Exhibit 8).

On March 18, 2015, Glasir amended its state court petition to seek relief only against Movants.  Glasir's claim against Movants sought to hold the Movants' liable for UGH's debt on the ground UGH forfeited its corporate charter and/or its

Texas registration on August 1, 2014.  (Movants' Exhibit 6).[2]

On June 18, 2015, the state court entered a default judgment in favor of Glasir against Movants.  (Glasir Exhibit 1). The default judgment appears to have been sought by Glasir while there was ongoing dialogue among the parties, and after Movants had filed responsive pleadings only in the proceedings which remained between Glasir and Debtors.  It is the subject of a bill of review.

Debtors filed their Chapter 11 plan on December 3, 2015.  The plan provides in pertinent part:

> 11.1 Legally Binding Effect.  The provisions of this Plan shall bind all Creditors and Interest Holders, whether or not they accept this Plan. On and after the Effective Date, all holders of Claims shall be precluded and forever enjoined from asserting any (i) Claim against the Debtors, the Liquidating Trust or their assets or properties based on any transaction or other activity of any kind that occurred prior to the Confirmation Date except as permitted under the Plan; and (ii) derivative claims, including claims against third parties asserting alter ego claims, fraudulent transfer claims, guaranty claims or any type of successor liability based on acts or omissions of the Debtors.
>
> 11.2 Limited Discharge of Debtors and Injunction.  The entry of the Confirmation Order will operate as a general resolution with prejudice, as of the Effective Date, of all pending Legal Proceedings, if any, against the Debtors and their assets and properties and any proceedings not yet instituted against the Debtors or

---

[2]The fact of forfeiture is not directly before this court in the form of evidence.  However, the fact does not appear to be in dispute, and LaBorde testified, at a hearing on December 17, 2015 on a motion seeking authority to pay franchise taxes, that Hospital was not in good standing on the petition date.

3

>their assets and properties, except as otherwise provided in the Plan.  Except as otherwise expressly provided in the Plan or the Confirmation Order, all Persons who have held, may have held, hold, or may hold Claims against the Debtors are permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtors or their property, the Liquidating Trust or the Liquidating Trustee, with respect to any such Claim, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order with respect to any such Claim against the Debtors or their property, or the Liquidating Trust or the Liquidating Trustee, (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtors or their property, or the Liquidating Trust or the Liquidating Trustee, with respect to such Claim, (d) asserting any right of subrogation of any kind against any obligation due to the Debtors or the property of the Debtors or the Estates with respect to any such Claim and (e) asserting any right of setoff or recoupment against the Debtors or the Estates except as specifically permitted by § 553 of the Bankruptcy Code.  Unless otherwise provided in the Plan or by order of the Bankruptcy Court, all injunctions or automatic stays provided for in these cases pursuant to § 105, if any, or § 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date will remain in full force and effect until the Effective Date.

(Docket No. 732).

Glasir filed a ballot, rejecting the plan on behalf of its claim classified in Class A3.  (Movants' Exhibit 9).

The plan was confirmed by order entered on January 11, 2016.  (Docket No. 799).  There were no appeals of the order confirming the plan.

On January 27, 2016, Movants commenced a bill of review proceeding in state court, seeking injunctive relief against Glasir.  (Glasir Exhibit 2).

The Sheriff of Galveston County, Texas levied on real property asserted to be owned by one or more of Movants, and gave notice of a sale to take place on February 2, 2016. (Movants' Exhibit 10).[3]

In the instant motion, Movants seek an order enforcing Sections 11.1 and 11.2 of the plan, and enjoining Glasir from proceeding against them in any enforcement or collection actions regarding its default judgment against them. (Docket No. 931). Glasir contends that Movants lack standing to bring the instant motion; that interpreting the injunction provision in the confirmed plan to release claims against Movants is a violation of the Bankruptcy Code; and asserts that its judgment against Movants is not derivative of the claim it filed in the instant case. (Docket No. 965).

## Conclusions of Law

In order for a party to have Article III standing, the party must show that he has suffered or will suffer an injury, his injury is traceable to the defendant's conduct, and a favorable federal court decision will likely redress the injury. A party directly bound by an injunction has Article III standing

---

[3] In the instant motion, Movants assert that the property is owned by Sapaugh, and serves as the corporate offices of UGHS Senior Living, Inc., UGHS Senior Living of Pearland, LLC, UGHS Senior Living of Knoxville, LLC, UGHS Senior Living of Port Lavaca, LLC and TrinityCare Senior Living, LLC, entities which are Debtors in Case No. 15-80399-G3-11. (Docket No. 931).

to sue.  A party who is not directly bound, but whose interest is adversely affected by an injunction, has Article III standing to sue.  In re Lothian Oil, Inc., 531 Fed. App'x 428 (5th Cir. 2013), citing Samnorwood ISD v. Texas Educ. Agency, 533 F.3d 258 (5th Cir. 2008).

In the instant case, Movants assert that their interests would be adversely affected in the absence of an injunction.  Taking the facts in the light most favorable to Movants, that assertion is correct.[4]  The court concludes that Movants have standing to seek relief from this court.

The court applies principles of contract interpretation in interpreting the provisions of a Chapter 11 plan.  McFarland v. Leyh (In re Tex. Gen. Petroleum Corp.), 52 F.3d 1330 (5th Cir. 1995).  The language of an agreement, unless ambiguous, represents the parties' intention.  In re Tex. Comm. Energy, 607 F.3d 153 (5th Cir. 2010).

As set forth above, Section 11.1 of the plan enjoins the assertion of "derivative claims, including claims against third parties asserting alter ego claims, fraudulent transfer claims, guaranty claims, of any type of successor liability based on acts or omissions of the Debtors."

---

[4]Indeed, the assertion is supported by the efforts of Glasir to execute on its default judgment.

>Under Section 171.255(a) of the Texas Tax Code:
>
>If the corporate privileges of a corporation are forfeited for the failure to file a report or pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived.

Tex. Tax Code § 171.255(a).  The provisions of 171.255 apply to taxable entities other than corporations.  Tex. Tax Code § 171.2515.

Claims against directors and officers arising during the forfeiture of corporate privileges are direct claims belonging to the holders of the claims, not derivative of claims of the debtor.  In re Wool Growers Cent. Storage Co., 371 B.R. 768 (Bankr. N.D. Tex. 2007).  The subsequent payment of the taxes does not retroactively establish corporate status.  Sun Packing, Inc. v. Xenacare Holdings, Inc., 924 F. Supp. 749 (S.D. Tex. 2012).  The court concludes that Section 11.1 of the plan does not enjoin the acts of which Movants complain.

As set forth above, under Section 11.2 of the plan, confirmation operates as a general resolution with prejudice of all pending legal proceedings against the Debtors, and enjoins claimants (including Glasir) from asserting any right of subrogation of any kind against any obligation due to the Debtors or the property of the Debtors or the Estates with respect to any such claim.

As noted above, claims arising during a corporate forfeiture are direct claims, not derivative.  The court concludes that there is no subrogation sought, and thus, Section 11.2 does not enjoin the claims.

Because the court determines that neither Section 11.1 nor 11.2 enjoins Glasir's actions against Movants, the court does not reach Glasir's contentions that Sections 11.1 and 11.2 violate the Bankruptcy Code, were not proposed in good faith, and were forbidden by law.[5]  The court concludes that the instant motion should be denied.

Based on the foregoing, a separate Judgment will be entered denying the "Motion for an Order Enforcing the Chapter 11 Injunction" (Docket No. 931) filed by Dr. Hassan Chahadeh, Edward T. Laborde, Jr. and Donald W. Sapaugh .

Signed at Houston, Texas on April 20, 2016.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[5]The court additionally notes that, in the absence of an appeal of confirmation, those issues may not be raised, and the order confirming the plan controls.  See In re Applewood Chair Co., 203 F.3d 914 (5th Cir. 2000).  See also United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010).