UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE § | Confirmed Chapter 11 |
| § | |
| **UNIVERSITY GENERAL HEALTH** § | Case No. 15-31086 |
| **SYSTEM, INC.** *et al.,* § | |
| § | Jointly Administered |
| Debtors. § | |
| § | |

## THE LIQUIDATING TRUSTEE'S OBJECTION TO THE ADMINISTRATIVE EXPENSE CLAIM FILED BY COMMUNITY PATHOLOGY P.L.L.C.

**Related D.N. 884**

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO EXPUNGE THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE EXPUNGED WITHOUT A HEARING.**

**A HEARING HAS BEEN SET ON THIS MATTER ON JULY 11, 2016, AT 1:00 P.M. CST IN COURTROOM 401, 515 RUSK AVENUE, 4TH FLOOR, HOUSTON, TEXAS 77002.**

TO THE HONORABLE LETITIA Z. PAUL, UNITED STATES BANKRUPTCY JUDGE:

Michael D. Warner, the Liquidating Trustee (the "**Trustee**") for University General Health System, Inc., *et al.* (the "**Debtors**"), pursuant to the *Joint Chapter 11 Plan of Liquidation* (the "**Plan**"), as confirmed pursuant to that certain *Order Confirming Joint Chapter 11 Plan of Liquidation* [Docket No. 799] (the "**Confirmation Order**" and, together with the Plan, the "**Plan Documents**"), and that certain Liquidating Trust Agreement, entered into on February 4, 2016

(the "**Liquidating Trust Agreement**"), hereby files this *Objection* (the "**Objection**") *to the Administrative Expense Claim* (the "**Claim**") *Filed by Community Pathology P.L.L.C.* (the "**Claimant**") [Docket No. 884], and in support thereof respectfully represents:[1]

## I. INTRODUCTION

1. As set forth in detail herein, the Claim should be expunged in its entirety because the purchaser of the Debtors' hospital and assets, Foundation Surgical Hospital Holdings, LLC ("**Foundation**"), bears sole liability for the entirety of the Claim.

2. Foundation is unequivocally responsible for the Claim pursuant to the Plan and the terms of the sale, which collectively provide that only certain administrative expense claims (or portions related thereto) are the responsibility of the Debtors, while others, like the Claim, are the responsibility of Foundation.

## II. JURISDICTION AND PREDICATES FOR RELIEF

3. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334, Section 12.1 of the Plan, and Local Rule 3007-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**").

4. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409 and Paragraph 72 of the Confirmation Order and Sections 12.1 of the Plan.

5. This Objection is also made pursuant to § 1.2 of the Plan and paragraph 22 of the Confirmation Order.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2

6. In support of this Objection, the Trustee relies upon his Declaration (the "**Warner Declaration**"), attached as "**Exhibit 1**," which is submitted as required by Local Rule 3007-1(b).

### III. BACKGROUND

**A.  Chapter 11 Cases**

7. On February 27, 2015 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code. By Order dated March 2, 2015 [Docket No. 43], the Debtors' cases are being jointly administered.

8. On November 6, 2015, the Debtor and Foundation entered into that certain Purchase and Sale Agreement (the "**Sale Agreement**"),[2] whereby certain of the Debtors agreed to sell substantially all of the assets used in their business operations and the equity interest in that certain entity, University General Hospital, LP.

9. On November 9, 2015, the Court approved the Debtors' proposed sale of their assets and the hospital operations to Foundation [Docket No. 691]. The sale closed on December 31, 2015 (the "**Closing**" or the "**Closing Date**").

10. Pursuant to the Sale Agreement, the Debtors and Foundation agreed to apportion responsibility for certain post-petition expenses, whereby Foundation was to be responsible for all post-petition obligations due on or after November 21, 2015. *See* Section 2.03 of the Sale Agreement.

11. Foundation specifically assumed "Post-Petition Accounts Payable solely to the extent exclusively related to the Transferred Assets or the Transferred Employees who are employed by Buyer or its Affiliates effective as of or after the Closing." *Id.* The term "Post-

---

[2] A copy of the Sale Agreement is located at Exhibit 1 to the Plan. *See* Confirmation Order [Docket No. 799-2].

Petition Accounts Payable" means "all accounts payable of the Debtors arising after the Petition Date in the Ordinary Course of Business that are not more than 40 days outstanding, but excluding amounts due under the DIP Facility and (ii) the unpaid wages, salaries and employer's and employee's Tax withholding obligations for Transferred Employees that are accrued and unpaid in the Ordinary Course of Business as of the Closing Date for the last period prior to the Closing which payroll obligations become due following the Closing."  Section 1.01 of the Sale Agreement.

12. Essentially, the Plan Documents provide that accounts payable related to the Transferred Assets that became due in the ordinary course of the Debtors' business, within forty (40) days of the Closing Date (*to wit*, on or after November 21, 2015), are the sole responsibility of Foundation.

13. The Court confirmed the Plan on January 11, 2016.  On that same date, the Official Committee of Unsecured Creditors filed a *Notice of Designation of Liquidating Trustee* [Docket No. 794], pursuant to which Michael D. Warner was designated Trustee of the Liquidating Trust.  On January 12, 2016, the Court entered the Confirmation Order, which confirmed and modified certain provisions of the Plan.

14. On February 4, 2016, the Plan became Effective [Docket No. 835] and pursuant to Article 7.2 of the Plan, a Liquidating Trust was created on the Plan's Effective Date, to be managed by a Trustee.

15. The Plan established that all parties holding Administrative Claims had to assert such claims on or before February 24, 2016.

16. The Plan initially provided the Trustee with 21 days to object to an Administrative Claim after such Administrative Claim was filed.  *See* Plan, Section 16.2.

17. On March 11, 2016, the Court extended the Trustee's time to object to Administrative Claims asserted under Sections 1.2 and 3.1.2 of the Plan until May 23, 2016 [Docket No. 929].

18. An omnibus hearing to address the Trustee's objections to Administrative Claims, including this Objection, has been scheduled for July 11, 2016 [Docket No. 996].

**B.   The Administrative Claim**

19. On December 17, 2015, the Claimant filed a motion for payment of post-petition administrative expenses [Docket No. 762] (the "**Initial Application**"). The Initial Application was allowed in the amount of $83,981.55, by Order of this Court, prior to confirmation and the Effective Date of the Plan [Docket No. 797].

20. On February 24, 2016 the Claimant filed a second application (the "**Second Application**") for payment of its purported administrative expense claim in the amount of $22,416.07 (the "**Claim**") [Docket No. 884]. A copy of the Claim is attached as "**Exhibit A**" to the Warner Declaration. As set forth in the Claim, the Claimant asserts that the Debtors are liable to the Claimant on account of services rendered pursuant to a certain *Histology Processing and Transcription Agreement*, as amended from time to time (collectively, the "**Histology Agreement**"), attached as Exhibit 1 to the Initial Application, and a certain *Professionals Services Agreement* (the "**Professional Services Agreement**"), filed under seal as Exhibit 3 to the Initial Application.

21. The invoices submitted in support of the Claim and attached as Exhibit 1 to the Second Application include 2 categories of invoices: invoices that clearly became due within the 40-day period of the Closing or invoices where it is unclear when payment was due, and thus impossible at this juncture to determine which party is obligated to pay same.

5

22. Attached as "**Exhibit B**" to the Warner Declaration is a list of the invoices, totaling $8,383.76 (the "**40 Day Entries**"), which fall within the definition of Post-Petition Accounts Payable and are thus Foundation's responsibility. The remainder of the entries, which lack sufficient information to identify when they became due, total $14,032.31, and are set forth more fully in the list attached as "**Exhibit C**" to the Warner Declaration (the "**Disputed Entries**"). In aggregate the Second Applications seeks $22,416.07.

## IV. RELIEF REQUESTED

### A. There is Ample Cause to Expunge the Claim Because the Claim Seeks Payment for Obligations Due and Owing by Foundation and Not the Debtors

23. The Claimant has failed to establish that the Debtors' estates are liable to Claimant on account of the Claim because a significant portion of the services for which the Claimant is seeking payment are unquestionably due and owing by Foundation pursuant to the Sale Agreement (*to wit*: $8,383.76); and there is insufficient information to determine whether the Debtors or Foundation are responsible for the remainder of the services for which the Claimant is seeking payment (*to wit*: $14,032.31).

24. An administrative claim pursuant to Bankruptcy Code section 503(b)(1) is a claim for the actual, necessary costs and expenses of preserving the estate. 11 U.S.C. § 503. "In order to qualify as an 'actual and necessary cost' under section 503(b)(1)(A), a claim against the estate must have arisen post-petition and as a result of actions taken by the trustee [the Debtors] that benefitted the estate." *Total Minatome Corp. v. Jack/Wade Drilling, Inc. (In re Jack/Wade Drilling, Inc.)*, 258 F.3d 385, 387 (5th Cir. 2001).

25. A claimant bears the burden of proof in establishing entitlement to an administrative claim and must show that: (1) the claim arises from a transaction with the debtor-

in-possession; and (2) the goods or services supplied enhanced the ability of the debtor-in-possession's business to function as a going concern. *In re Transamerican Natural Gas Corp.*, 978 F.2d 1409, 1416 (5th Cir. 1992) (citations omitted). Only after a claimant establishes a *prima facie* case does the burden of producing evidence shift to the objector; the burden of persuasion, however, by a preponderance of the evidence, remains with the claimant. *Id*. (citations omitted).

26. To be *prima facie* valid, a claim must "allege[] facts sufficient to support a legal liability to the claimant." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

### (i) The 40 Day Entries are Foundation's Responsibility

27. As evident from a review of the invoices submitted in support of the Claim, the 40 Day Entries came due and owing on or after November 21, 2015 and are thus Post-Petition Accounts Payable due and owing by Foundation, pursuant to the Plan Documents.

28. The Trustee objects to the 40 Day Entries since, pursuant to the Plan Documents, the Debtors have no liability for them.

29. The Claimant has failed to meet its initial burden of establishing a *prima facie* valid claim against the Debtors because the 40 Day Entries are clearly obligations of Foundation. Accordingly, the Trustee respectfully asserts that Claim must be reduced by $8,383.76 to remove the 40 Day Entries.

30. As set forth herein, Trustee objects to the remaining portion of the Claim on other grounds.

### (ii) The Claimant Has Not Demonstrated that the Debtors' Estates are Responsible for Paying the Disputed Entries

31. The Claimant has failed to substantiate when the remainder of the services sought in the Claim (*to wit*: $14,032.31) became due, specifically the Disputed Entries listed on Exhibit C to the Warner Declaration. These are for services rendered prior to November 21, 2015 but the invoices do not contain due dates or net terms.

32. Pursuant to the Plan Documents, the Debtors are only liable for the Disputed Entries to the extent they became due **_before_** November 21, 2015. To the extent the Disputed Entries became due **_on or after_** November 21, 2015, Foundation, rather than the Debtors, is solely liable with respect to the Disputed Entries.

33. Because the Claim lacks sufficient information, the Trustee objects to the allowance of any of the Disputed Entries because the Claimant has not substantiated that the Debtors' estates are responsible for them.

34. Having failed to establish a *prima facie* valid claim for recovery against the Debtors for the Disputed Entries, and unless additional information is received, the Trustee respectfully asserts that the Claim should be reduced by an additional $14,032.31 to account for the Disputed Entries.

### V. NOTICE

35. Notice of this Objection has been provided to (i) the United States Trustee for Region 7, (ii) the Claimant, (iii) counsel to the Claimant, if any, and (iv) all parties who have requested post-Effective Date notice pursuant to Article 14 of the Plan.

36. To avoid unnecessary mailing costs, the copy of the Objection served upon all parties excludes Exhibits. To the extent any party desires to obtain a copy of the Exhibits in

support of this Objection, they may access a copy via http://www.upshot.com/UGHS or by written request to the undersigned counsel.

## VI. <u>RESERVATION OF RIGHTS</u>

37. The Trustee requests that, to the extent the Court does not expunge the Claim in its entirety, the Trustee's rights be expressly reserved to further object to the Claim on any and all grounds, including, but not limited to, the grounds that the Disputed Entries are not adequately supported.

38. Notwithstanding the foregoing, to the extent the Court ultimately allows all or part of the Claimant's Claim, the Trustee will request that the Order provide that the Trustee is not obligated to make any distribution on the Claim until such date as the Trustee determines that: (i) some or all of the Disputed Entries are reasonable, in his sole and exclusive discretion, after consultation with the Post-Confirmation Committee, or the Court orders that some or all of the Disputed Entries are obligations of the Debtors; and (ii) a distribution on the Claim is reasonable, in his sole and exclusive discretion, after consultation with the Post-Confirmation Committee.

[*remainder left intentionally blank*]

54892/0002-13169102v3

## VII. CONCLUSION

For the reasons set forth herein, the Trustee respectfully requests that the Court enter an Order expunging the Claim and granting such other and further relief as the Court deems just and necessary under the circumstances.

Respectfully submitted,

Dated: May 23, 2016

By: */s/ Michael D. Warner*
Michael D. Warner, Esq.
Texas Bar No. 00792304
**COLE SCHOTZ P.C.**
301 Commerce Street, Suite 1700
Fort Worth, Texas  76102
Tel: (817) 810-5250
Fax: (817) 810-5255
Email: mwarner@coleschotz.com

*Liquidating Trustee*

By: */s/ Jill B. Bienstock*
Jill B. Bienstock, Esq., *Pro Hac Pending*
Rebecca Hollander, Esq., *Pro Hac Pending*
**COLE SCHOTZ P.C.**
25 Main Street, Court Plaza North
Hackensack, NJ  07601
Tel: (201) 489-3000
Fax: (201) 678-6328
Email: jbienstock@coleschotz.com
Email: rhollander@coleschotz.com

*Attorneys for Michael D. Warner, Liquidating Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of May, 2016, I caused a true and correct copy of the above and foregoing pleading to served upon: (i) all parties that are registered to receive electronic service through the court's ECF notice system in the above case and (ii) by regular mail to the parties listed in the "Notice" section of the Objection.

*/s/ Michael D. Warner*
Michael D. Warner, Esq.