UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | Confirmed Chapter 11 |
| | § | |
| UNIVERSITY GENERAL HEALTH SYSTEM, INC. *et al.*, | § § | Case No. 15-31086 |
| | § | Jointly Administered |
| Debtors.[1] | § § § | |

STIPULATION RESOLVING THE LIQUIDATING TRUSTEE'S
OBJECTION TO THE ADMINISTRATIVE EXPENSE CLAIM
FILED BY COMMUNITY PATHOLOGY P.L.L.C.

**[Related Docket Nos. 884 & 1012]**

Michael D. Warner, the Liquidating Trustee (the "**Trustee**") for University General Health System, Inc., *et al.*, pursuant to that certain *Order Confirming Joint Chapter 11 Plan of Liquidation* [Docket No. 799], and that certain Liquidating Trust Agreement, entered into on February 4, 2016, and Community Pathology P.L.L.C. ("**Community Pathology**" and, together with the Trustee, the "**Parties**"), by and through its undersigned counsel, hereby enter into this *Stipulation Resolving the Liquidating Trustee's Objection to the Administrative Expense Claim Filed by Community Pathology P.L.L.C.* (the "**Stipulation**"), as evidenced by their signatures affixed hereto.[2]

WHEREAS, on February 27, 2015, the Debtors filed voluntary petitions for relief;

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: University General Health System, Inc. (2436), UGHS Autimis Billing, Inc. (3352), UGHS Autimis Coding, Inc. (3425), UGHS ER Services, Inc. (6646), UGHS Hospitals, Inc. (3583), UGHS Management Services, Inc. (4100), UGHS Support Services, Inc. (3511), University General Hospital, LP (7964), and University Hospital Systems, LLP (3778).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

54892/0002-14135066v1

2

WHEREAS, on November 6, 2015, the Debtors and Foundation Surgical Hospital Holdings, LLC ("**Foundation**") entered into that certain Purchase and Sale Agreement (the "**Sale Agreement**"),[3] whereby certain of the Debtors agreed to sell substantially all of the assets used in their business operations and the equity interest in that certain entity, University General Hospital, LP;

WHEREAS, on November 9, 2015, the Court approved the Debtors' proposed sale of their assets and the hospital operations to Foundation [Docket No. 691]. The sale closed on December 31, 2015;

WHEREAS, pursuant to the Sale Agreement, the Debtors and Foundation agreed to apportion responsibility for certain post-petition expenses, whereby Foundation was to be responsible for all post-petition obligations due on or after November 21, 2015. *See* Section 2.03 of the Sale Agreement;

WHEREAS, pursuant to the Sale Agreement, Foundation specifically assumed "Post-Petition Accounts Payable solely to the extent exclusively related to the Transferred Assets or the Transferred Employees who are employed by Buyer or its Affiliates effective as of or after the Closing." *Id*. The term "Post-Petition Accounts Payable" means "all accounts payable of the Debtors arising after the Petition Date in the Ordinary Course of Business that are not more than 40 days outstanding, but excluding amounts due under the DIP Facility and (ii) the unpaid wages, salaries and employer's and employee's Tax withholding obligations for Transferred Employees that are accrued and unpaid in the Ordinary Course of Business as of the Closing Date for the last period prior to the Closing which payroll obligations become due following the Closing." Section 1.01 of the Sale Agreement;

---

[3] A copy of the Sale Agreement is located at Exhibit 1 to the Plan. *See* Confirmation Order [Docket No. 799-2].

WHEREAS, on January 11, 2016, the Court confirmed the Plan [Docket No. 799]. On that same date, the Official Committee of Unsecured Creditors filed a *Notice of Designation of Liquidating Trustee* [Docket No. 794], pursuant to which Michael D. Warner, Esq. was designated Trustee of the Liquidating Trust;

WHEREAS, on February 4, 2016, the Plan became Effective [Docket No. 835] and pursuant to Article 7.2 of the Plan, a Liquidating Trust was created on the Plan's Effective Date, to be managed by the Trustee;

WHEREAS, pursuant to the Plan, the last day to assert non-professional administrative expense requests was February 24, 2016 [*See* Plan, § 1.1 and 1.88];

WHEREAS, on February 24, 2016, Community Pathology filed an application for payment of a purported administrative expense claim, in the amount of $22,416.07 [Docket No. 884] (the "**Claim**"). The Claim consisted of: (i) one invoice which reportedly became due on or just before November 21, 2015, which totaled $5,817.95 (the "**Asserted Trust Obligation**"); and (ii) three invoices which became due ***on or after*** the November 21, 2015 cutoff, totaling $16,598.12 (the "**Asserted Foundation Obligation**");

WHEREAS, on May 23, 2016, the Trustee filed an Objection to the Claim [Docket No. 1012] (the "**Objection**"); and

WHEREAS, the Trustee and Community Pathology have conferred and agreed to settle the Objection and the Claim, in order to avoid the cost, expense, and delay of further litigating the validity of the Claim.

**Based on the foregoing recitals, the Parties Stipulate and Agree as follows**:[4]

1. <u>Community Pathology's Claim</u>.  Community Pathology shall be entitled to an administrative claim in the amount of $5,817.95 (the "**Allowed Claim**").

2. <u>Community Pathology's Waiver of Claims</u>.  Notwithstanding the amount asserted in the Claim, Community Pathology agrees that the Allowed Claim represents the entirety of any and all liability which Community Pathology may assert against the Debtors, their estates, the Trust or the Trustee relative to the Claim.  Community Pathology agrees that it shall not assert any further claims against the Debtors, the Trusts, the Estates, or the Trustee for any other administrative expense or post-petition amounts due, including for amounts due that are related to the Asserted Foundation Obligation.

3. <u>Community Pathology's Remedies against Foundation</u>.  Nothing herein shall be construed to, in any way, affect Community Pathology's right to seek payment from Foundation on the Asserted Foundation Obligation.  Moreover, nothing construed herein shall be deemed to be a determination of any of Community Pathology's rights as against Foundation or as an allowance of a claim as against Foundation.

4. <u>The Objection</u>.  Upon the Court's approval of this Stipulation, the Trustee agrees the Objection shall be deemed to be resolved.

5. <u>Distributions on the Allowed Claim</u>. Notwithstanding anything to the contrary herein, the Trustee shall not make any distribution on the Allowed Claim until such time that: (i) the Trustee determines, in his sole and exclusive discretion, after consultation with the Post-Confirmation Committee, that there are sufficient funds available for distribution to similarly

---

[4] The preceding recitals are intended to be factual recitations of the Parties and are therefore incorporated into the stipulated terms herein, and are intended to be incorporated into the Court's Order approving this Stipulation.

54892/0002-14135066v1

situated creditors; and (ii) the Trustee determines the appropriate amount to be distributed, to the extent there are insufficient funds available to pay similarly situated creditors in full.

6.     <u>Jurisdiction.</u>  The Court shall retain exclusive jurisdiction to hear and determine all matters or disputes arising from or relating to the interpretation and/or enforcement of this Stipulation.

7.     <u>Effectiveness and Enforceability of this Stipulation</u>.  The Parties expressly agree and acknowledge that this Stipulation is subject to the Court's approval and absent the Court's entry of an Order approving this Stipulation, this Stipulation shall have no force and effect and shall not otherwise bind or obligate the Parties.  The Parties further agree that no subsequent Order of this Court shall modify the terms of this Stipulation, except as agreed to in writing by the Parties.

**AGREED TO AS TO FORM AND CONTENT:**

| **ATTORNEYS FOR COMMUNITY PATHOLOGY P.L.L.C.** | **LIQUIDATING TRUSTEE FOR THE UGHS LIQUIDATING TRUST** |
|---|---|
| By:  */s/ Kara Stauffer*<br>Kara Stauffer, Esq.<br>Texas Bar No. 24056373<br>Alvarez Stauffer Bremer PLLC<br>Houston, TX 77002<br>Telephone: 713.351.0309<br>Fax: 713.351.0320<br>Email: kara.stauffer@asb.legal | By:  */s/ Michael D. Warner*<br>Michael D. Warner, Esq.<br>Texas Bar No. 00792304<br>**COLE SCHOTZ P.C.**<br>301 Commerce Street, Suite 1700<br>Fort Worth, Texas 76102<br>Telephone: 817.810.5250<br>Fax: 817.810.5255<br>E-mail: mwarner@coleschotz.com |

###

Submitted by:
Michael D. Warner Esq.
Cole Schotz, P.C.
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Telephone: 817-810-5250
Facsimile: 817-810-5255
 mwarner@coleschotz.com

5