UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | Confirmed Chapter 11 |
| | § | |
| UNIVERSITY GENERAL HEALTH SYSTEM, INC. *et al.*, | § § | Case No. 15-31086 (DRJ) |
| | § | Jointly Administered |
| Debtors. | § § | |

**LIQUIDATING TRUSTEE'S EMERGENCY MOTION FOR AN ORDER (I) FURTHER EXTENDING DURATION OF THE LIQUIDATING TRUST AGREEMENT; AND (II) GRANTING RELATED RELIEF**

EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 12:00 P.M. ON AUGUST 4, 2021.

IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

TO THE HONORABLE DAVID R. JONES, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Michael D. Warner, the Liquidating Trustee (the "**Trustee**") for University General Health System, Inc., *et al.* (the "**Debtors**"), pursuant to the *Joint Chapter 11 Plan of Liquidation* [Docket No. 799] (the "**Plan**"), as confirmed pursuant to that certain *Order Confirming Joint Chapter 11 Plan of Liquidation* [Docket No. 799] (the "**Confirmation Order**" and, together with the Plan, the "**Plan Documents**"), and that certain Liquidating Trust Agreement, entered into on February 4, 2016 (the "**Liquidating Trust Agreement**"), hereby files this *Emergency Motion for an Order (I) Further Extending the Duration of the Liquidating Trust Agreement; and (II) Granting Related*

54892/0002-21312642v1

*Relief* (the "**Motion**"), seeking entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"). In support of the Motion, the Trustee respectfully represents:[1]

## I. JURISDICTION AND PREDICATES FOR RELIEF

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and Section 12.1 of the Plan.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409, Paragraph 72 of the Confirmation Order, and Section 12.1 of the Plan.

3. In addition, the Trustee makes this Motion pursuant to (a) Paragraph 61 of the Confirmation Order, which authorizes, *inter alia*, "the Liquidating Trustee to (i) take all action which requires the approval of this Court to effect the plan; and (ii) . . . take any action necessary or appropriate to implement, effectuate and consummate the Plan . . . whether or not specifically referred to in the Plan. . .;" (b) Section 2.1 of the Liquidating Trust Agreement which authorizes the Trustee to "extend the duration of the Liquidating Trust…if the Liquidating Trust Assets have not been distributed or if the Liquidating Trustee determines that such extension is in the best interests of the Liquidating Trust and the Liquidating Trust Beneficiaries; and (c) Section 4.1(l) of the Liquidating Trust Agreement, which authorizes the Trustee to "[p]ropose, and seek court approval, as may be determined necessary, of any amendment, modification or supplement to . . . the Plan . . . ."

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan or Liquidating Trust Agreement, as applicable.

## II. BACKGROUND

### A. The Chapter 11 Cases and Creation of the Trust

4. On February 27, 2015, the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the Bankruptcy Code. By Order dated March 2, 2015, the Debtors' cases were jointly administered (collectively, the "**Cases**"). *see* Docket No. 43.

5. On December 3, 2015, the Debtors filed the Plan. On February 4, 2016, the Plan became effective. *see* Docket No. 835.

6. Article 7, Section 7.4 of the Plan expressly provides, "The Liquidating Trustee is authorized and shall have the obligation to take all such actions as in his/her judgment are necessary and appropriate to effectuate the purposes of the Plan, including but not limited to the following…Supervise and administer the resolution, settlement and payment of Claims and Interests and distributions to the holders of Allowed Claims and Allowed Interests in accordance with this Plan."

### B. The Trust Administration and Claims Reconciliation Process

7. Since the Trustee's appointment he has undertaken the liquidation of the Liquidating Trust assets as more fully detailed in the pleadings filed at Docket Nos. 1419 and 1490.

8. Based on the Trustee's efforts, there remained approximately, $174 million in Allowed Non-Priority General Unsecured Claims remaining following his successful objections to claims. On March 20, 2020, the Trustee received authority to make distributions to holders of allowed general unsecured claims on a *pro rata, pari pasu* basis, without allocating the distribution to a specific Debtor-estate (the "**Distributions Order**"). S*ee* Docket No. 1422.

9. On December 21, 2020, the Trustee filed the *Liquidating Trustee's Motion for an Order (I)(A) Authorizing Final Distributions to Holders of Allowed General Unsecured Claims*

*and Approving Final Accounting and (B) Entering Final Decree Closing Chapter 11 Cases and Approving Dissolution of the Liquidating Trust; and (II) Granting Related Relief* [Docket No. 1490] (the "**Final Distributions Motion**"). As discussed in the Final Distributions Motion, following claims objections and after payment of fees to the Trustee, professional fees and the estimate costs of administration of the Liquidating Trust, approximately $917,000 remained for final distributions.

10. The Court approved the Final Distribution Motion on January 28, 2021 (the "**Final Distribution Order**"). *See* Docket No. 1495. Under the Final Distribution Order, checks which were not timely deposited and W-9 forms which were not timely returned resulted in the forfeiture of the claimant's rights to receive a distribution and the balance of funds were thereafter authorized to be donated.

11. In accordance with the Final Distribution Order, beginning March 5, 2021, the Trustee sent out requests for a return of a Form W-9 and distribution checks to claimants. Following the Trustee's initial distribution efforts, there remained in excess of at least $140,000 available for donation. Although the Trustee has no obligation to make further distributions, given the significant amount available, the Trustee has determined to make a second and final distribution of the balance of funds to those claimants who have deposited the initial distributions on a *pro rata* basis, less fees and costs of professionals and the distribution agent, and a limited reserve for unanticipated costs and expenses (which amount, to the extent not utilized shall be donated pursuant to the Final Distribution Order).

12. The initial term of the Trust Agreement was to expire five (5) years from effective date of the Liquidating Trust Agreement, or February 4, 2021 (the "**Initial Termination Date**"). The Trustee obtained authority from this Court to extend the Initial Termination Deadline an

4

additional six (6) months, through and including August 4, 2021 (the "**Current Termination Date**"), without prejudice to his rights to request that this Court further extend such deadline. *See* Docket No. 1434.

13. Based on the Trustee's determination to make an additional distribution, he now seeks to further extend the Current Termination Date for approximately five (5) months, through and including December 31, 2021, to afford him adequate time to administer the remaining trust assets.

### III. RELIEF REQUESTED

### CAUSE EXISTS TO EXTEND THE DURATION OF THE LIQUIDATING TRUST AGREEMENT

14. The Trustee has substantially concluded the administration of the Liquidating Trust created by the Liquidating Trust Agreement (the "**Liquidating Trust**") while balancing the practical realities, including the limited cash, of the Liquidating Trust. The only remaining task is the conclusion of final distributions to holders of allowed general unsecured claims.

15. Accordingly, the Trustee respectfully submits that ample cause exists to warrant extending the duration of the Liquidating Trust Agreement past the Current Termination Date. The Trustee respectfully asserts that the Current Termination Date should be extended from August 4, 2021 through and including December 31, 2021. The request takes into account the necessity of additional time for the Trustee with the assistance of his professionals and the distribution agent, to make a second and final round of distributions to those claimants who have deposited the initial final distributions. The within request is being made without prejudice to the Trustee's right to request to further extend the duration of the Liquidating Trust Agreement.

### IV. NOTICE

16. The Trustee has furnished notice of this Motion pursuant to Article 14 of the Plan on all parties who have requested post-Effective Date notice.[2]

17. The Trustee respectfully asserts that the requested relief is solely in aid of and in furtherance of the Trustee's duties and obligations to administer the Debtors' assets under the Plan Documents and Liquidating Trust Agreement.

### V. RESERVATION OF RIGHTS

18. The Trustee requests that to the extent the Court grants the relief requested herein that such relief be without prejudice to the Trustee's right to request further modifications of the Plan Documents or further extensions of any deadlines therein, including the deadline to object to extend the duration of the Liquidating Trust Agreement, to the extent necessary.

---

[2] The Trustee recognizes the many of the Debtors' creditors have not requested post-Effective Date notice. Notwithstanding the foregoing, the Trustee nevertheless asserts that he should be excused from noticing all parties in interest because of the exorbitant costs associated with noticing this Motion pursuant to the pre-confirmation notice procedures, and that such notice is consistent with the approved Plan provisions. Moreover, the relief requested herein, if granted, does not prejudice any of the creditors.

54892/0002-21312642v1

## VI.  CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Trustee respectfully requests that the Court enter an Order and grant such other and further relief as the Court deems just and necessary under the circumstances.

Dated: August 2, 2021

Respectfully submitted,

By: */s/ Benjamin L. Wallen*
Benjamin L. Wallen, Esq. (Texas Bar No. 24102623)
**PACHULSKI STANG ZIEHL & JONES LLP**
440 Louisiana Street, Suite 900
Houston, TX 77002
Tel: (713) 691-9385
Email: bwallen@pszjlaw.com

– and –

Matteo Percontino, Esq. (Admitted *Pro Hac Vice*)
**COLE SCHOTZ P.C.**
25 Main Street, Court Plaza North
Hackensack, NJ 07601
Tel: (201) 525-6328
Fax: (201) 678-6328
Email: mpercontino@coleschotz.com

*Attorneys for Michael D. Warner, Liquidating Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing pleading has been served upon all parties that are registered to receive electronic service through the court's CM/ECF notice system in the above case on this 2nd day of August, 2021.

*/s/ Benjamin L. Wallen*
Benjamin L. Wallen